LEWIS A. WILLIAMS *et al.* Defendants in Error, *vs.* FRANK-
LIN B. GOTTSCHALK, Plaintiff in Error.

*Opinion filed December 17, 1907.*

1. COURTS—*effect of Municipal Court act as to jurisdiction of
cases pending before justice of the peace.* By virtue of the provi-
sions of the Municipal Court act, jurisdiction of a justice of the
peace in a case continued "to the municipal court of Chicago"
ceased on the day preceding the first Monday in December, 1906,
and was transferred to the municipal court, where such proceed-
ings could be had as though the case was originally brought in
that court.

2. SAME—*justice of peace could not continue case beyond time
when jurisdiction of the municipal court attached.* A continuance
of a case by a justice of the peace "to the municipal court of Chi-
cago" is, in effect, a continuance to such time as the municipal
court acquires jurisdiction, and an order by the justice attempting
to set the case for hearing in the municipal court at a later day is
a nullity and does not affect that court's jurisdiction.

3. CONSTITUTIONAL LAW—*provision of Municipal Court act re-
quiring $6 jury fee to be advanced is not unconstitutional.* The
provision of paragraph 5 of section 56 of the Municipal Court act
(Laws of 1905, p. 181,) requiring a defendant, upon filing with the
clerk a written demand for a jury, to pay the sum of $6, to be ap-
plied toward the payment of jurors' fees, is not in violation of the
constitutional right to trial by jury.

4. EVIDENCE—*what is not admissible to defeat suit on subscrip-
tion contract for book.* In an action on a written subscription con-
tract for a book, evidence offered to show that the book was not
prepared in accordance with certain representations of the man
who took the subscription is properly rejected, as being an attempt
to vary the terms of the written instrument by parol.

WRIT OF ERROR to the Municipal Court of Chicago;
the Hon. JOHN W. HOUSTON, Judge, presiding.

Franklin B. Gottschalk, plaintiff in error, has sued out
a writ of error from this court, which has been made a
*supersedeas,* seeking to reverse a judgment for $25 and
costs rendered against him by the municipal court of Chi-
cago for the first district in favor of Lewis A. Williams

and Henry Schnoering, partners doing business as the University Publishing Society, defendants in error.

The suit was originally brought before James C. Martin, a justice of the peace of the city of Chicago, on a contract of subscription for a history of the Northwestern University, signed by plaintiff in error. The summons was made returnable November 9, 1906, and from that day the case was continued from time to time until November 30, 1906, when the evidence was partially heard by the justice and the cause continued to the municipal court of Chicago and set for hearing on December 14, 1906, by orders entered by the justice. The case was called in that court on December 10, 1906, when the attorney for the plaintiff in error entered a special appearance and filed a plea to the jurisdiction of the court. The plea was later amended and overruled. The cause then coming on for trial, plaintiff in error demanded a trial by jury but declined to advance money to apply on the jury fees, as required in such cases by the Municipal Court act. The demand for a jury was then denied by the court, and upon a hearing, without a jury, judgment was rendered against plaintiff in error.

The contract sued on was executed in duplicate, and is as follows:

"Northwestern University, a history edited by Arthur Herbert Wilde, Ph.D., to be issued in four royal octavo volumes and bound in buckram, with gilt top. It will be delivered to subscribers as soon as convenient after publication. In order to aid the publication of a work entitled 'Northwestern University History,' I hereby authorize the University Publishing Society to enter my subscription for one set of the same, for which I promise to pay to them, or order, the sum of $25 upon delivery of same to me at my residence or place of business.

                    F. B. GOTTSCHALK, 1508 Montrose Blvd.
Dated March 27, 1904."

It is contended by plaintiff in error (1) the court erred in overruling the plea filed by plaintiff in error to the jurisdiction of the court; (2) the court erred in holding the Municipal Court act constitutional in so far as it imposes

conditions on the right of plaintiff in error to a trial by jury in this case; (3) the court erred in excluding evidence relating to a conversation that took place between the agent of the publishing society and plaintiff in error at the time the signature was secured to the contract.

ALBERT WESLEY GOTTSCHALK, for plaintiff in error.

WELLS & KELLY, for defendants in error.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The plaintiff in error questioned the jurisdiction of the municipal court, claiming that the justice of the peace, on November 30, 1906, continued the cause until December 14, 1906, not for the purpose of taking evidence, and that thereby jurisdiction of the case was lost. The cause was not continued to December 14. The justice continued the cause "to the municipal court of Chicago," and made an order setting the hearing for December 14, 1906. The jurisdiction of the justice by virtue of the provisions of the Municipal Court act ceased, for all purposes, with the expiration of the day preceding the first Monday of December, 1906, and on that Monday this cause was, by effect of the statute, transferred to the municipal court, where such proceedings could be had as though said suit had originally been brought in that court. (Municipal Court act, secs. 60, 61.) The justice was without power to continue the cause beyond the time when jurisdiction thereof would vest in the municipal court. His order continuing the case to the municipal court was, in effect, an order continuing it until such time as the cause would be transferred to that court by operation of law, to-wit, the first Monday in December, 1906. His order setting the case for a hearing on December 14, 1906, was a nullity.

Plaintiff in error demanded a jury trial but declined to advance the sum of six dollars to be applied on the pay-

ment of the fees of the jurors, as required by the fifth subdivision of section 56 of the Municipal Court act. The court thereupon refused the demand for a jury, and that action of the court is assigned as error.

The subdivision above referred to, as originally enacted, reads as follows: "In any case of the fourth class or of the fifth class mentioned in section two (2) of this act the defendant, at the time of his appearance, shall pay to the clerk in full for all services to be rendered by said clerk, if the suit be other than an action of forcible entry and detainer and the amount claimed by the plaintiff in money or property exceeds two hundred dollars ($200) the sum of two dollars ($2), and if the defendant shall at the same time file with the clerk a demand in writing of a trial by jury he shall pay to the clerk the further sum of six dollars ($6) to be applied towards the payment of the fees of jurors in said court." Hurd's Stat. 1905, p. 653.

It is urged that this statute violates section 5 of article 2 of the constitution of the State, which provides: "The right of trial by jury as heretofore enjoyed, shall remain inviolate; but the trial of civil cases before justices of the peace by a jury of less than twelve men may be authorized by law." The ground of this objection is, that prior to the adoption of the constitution of 1870 parties litigant enjoyed the right to a jury trial in a court of record without the payment of any money for jury fees or to apply upon jury fees, and that for this reason the statute, which requires the payment, when a jury is demanded, of six dollars to apply on such fees, is a denial of or an interference with the right of trial by jury. In support of this contention plaintiff in error cites three cases, neither of which is in point and neither of which is analogous to the one at bar. It has frequently been held under constitutional provisions substantially identical with ours, that a requirement that the jury fees fixed at a reasonable amount, or a sum of money designated as a "jury fee" not greater in amount

than the statutory compensation of the jurors, be paid by one of the parties prior to calling the jury, is not a denial of or an encroachment upon the right of trial by jury. *Connors* v. *Burlington Railroad Co.* 74 Iowa, 383; *Adams* v. *Corriston,* 7 Minn. 456; *Rollins* v. *Nolting,* 53 id. *232*; *Venine* v. *Archibald,* 3 Colo. 163; *Conneau* v. *Geis,* 73 Cal. 176.

The reasoning of the Supreme Court of Minnesota in the case above cited from Vol. 7 of its Reports commends itself to our judgment. It is there expressed in the following language: "We can see no valid objection to a reasonable fee of this kind. The constitution does not guarantee to the citizen the right to litigate without expense, but simply protects him from the imposition of such terms as unreasonably and injuriously interfere with his right to a remedy in the law or impede the due administration of justice; and that a party who demands a trial by jury should be required to advance a small jury fee, whether it is considered as a tax on litigation or as a part of the expense which is necessarily incurred in his behalf, seems no more liable to a constitutional objection than is the requirement that the fees of the clerk, sheriff and other officers shall be paid in advance when demanded. If the clause in the constitution means that we shall be permitted to litigate literally 'without price,' there is an end to all fees, from the issuing of summons to the entry of satisfaction of the judgment."

The statute here assailed is not violative of the section of the constitution above set out.

When the history prepared by defendants in error was delivered to plaintiff in error he seems not to have been pleased with it and declined to accept it. Upon the trial he sought to show that it was not prepared in accordance with certain representations made to him by the young man who took his subscription. He does not say that any artifice, amounting to fraud and circumvention, was used

to induce him to sign the contract or that he did not understand what he was signing. The effect of his contention is that the instrument which he signed does not fully disclose the agreement of the parties. The offer of the evidence which was excluded was merely an attempt to vary the terms of the written instrument by parol. The assignment of error under consideration is therefore without merit.

The judgment of the municipal court will be affirmed.

*Judgment affirmed.*