THE MORRISON HOTEL AND RESTAURANT COMPANY, Appellee, *vs.* JULIUS KIRSNER *et al.* Appellants.

*Opinion filed June 29, 1910.*

1. CONSTITUTIONAL LAW—*right to trial by jury is not the right to a jury without cost.* The constitutional right of a citizen to a trial by jury is not the right to demand the services of a jury without cost, but is of the same nature as the right to have official services performed by public officers, and hence a requirement for the payment of reasonable jury fees is not a denial of or encroachment upon such constitutional right.

2. SAME—*provision of Municipal Court act for paying jury fees is valid.* The provisions of the Municipal Court act requiring a party, at the time of entering his appearance, to file with the clerk a demand in writing for a trial by jury and to pay six dollars for jury fees are valid, and if such provisions are not complied with the cause may be tried by the court.

3. PRACTICE—*provision for demanding jury does not apply to the confession of a judgment.* The provisions of the Municipal Court act that a cause shall be tried by the court unless a written demand for a jury trial shall be filed and six dollars jury fees be paid at the time the defendant enters his appearance have no application to the confession of a judgment under power of attorney.

4. SAME—*demand for jury may be made when motion to vacate judgment by confession is allowed.* In case of a judgment by confession under a power of attorney in the municipal court the defendant is not required to file his written demand for a jury and pay the six dollars jury fees until his motion to vacate the judgment is allowed, as there is up to that time no issue for a jury to try and no appearance to the action.

5. SAME—*vacating judgment by confession destroys waiver of jury trial.* The vacating of a judgment by confession under a power of attorney destroys *in toto* the acts of the attorney, including the appearance and waiver of trial by jury, purporting to be authorized by the power of attorney.

APPEAL from the Appellate Court for the First District;—heard in that court on writ of error to the Municipal Court of Chicago; the Hon. JOHN S. HUME, Judge, presiding.

A. G. DICUS, for appellants.

DEFREES, BUCKINGHAM, RITTER & CAMPBELL, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On January 21, 1908, an attorney entered the appearance of the three appellants in the municipal court of the city of Chicago by virtue of a power of attorney signed by one of them for all, purporting to authorize a confession of judgment for the amount that might be due on a lease executed by appellee to appellants. The attorney confessed a judgment against appellants for $686.66, the amount alleged to be due on the lease in the declaration of appellee. The power of attorney was not sufficient to authorize the attorney to enter the appearance of all the defendants, and four days afterward they appeared and entered their motion to set aside and vacate the judgment. The court was unable to take up the motion at that time and continued it until February 8, 1908, when it was granted and the judgment was vacated. Thereupon the defendants entered their motion for a trial by jury and filed with the clerk a demand in writing for such trial, and offered and tendered to the clerk, in open court, $6 for the fees of the jury. The record recites that it appeared to the court that a demand for a jury trial was not made at the time the appearance of the defendants was filed in the case, and for that reason the motion was denied and the demand refused. The plaintiff was given leave to amend its statement of claim by increasing the *ad damnum* to $1000, and leave was given the defendants to file a set-off instanter. A bill of particulars of the set-off was filed and the trial of the issues was set for a later day and continued from time to time until May 19, 1908, when the issues were tried by the court against the protest of the defendants and a renewed demand for a jury trial, and judgment was entered in favor of the plaintiff for $333.33. The defendants ap-

pealed to the Appellate Court for the First District, and that court affirmed the judgment but granted a certificate of importance and an appeal to this court.

The constitution secures to the citizen the right of trial by jury, and unless he waives that right it is his privilege to have controverted questions of fact decided by a jury and not by a judge sitting as a court. It is not a right to command the services of a jury without cost but is of the same nature as the right to have official services performed by public officers, and a requirement for the payment of a reasonable amount for jury fees, such as will necessarily be required in every jury trial, is not a denial or encroachment upon the right. Accordingly we have held that provisions of the Municipal Court act requiring a party to a suit of this class, at the time of entering his appearance, to file with the clerk a demand in writing for a trial by jury and to pay $6 for jury fees are valid, and that otherwise the cause may be tried by the court. (*Williams* v. *Gottschalk,* 231 Ill. 175.) In view, however, of the provision of the constitution that the cherished right of trial by jury shall remain inviolate, the statute should be liberally construed in favor of the right and the inclination of the court should be to protect and enforce the right.

Of course, the statute providing that a cause shall be tried by the court unless a written demand for a jury trial shall be filed at the time the defendant enters his appearance and the $6 be paid can have no possible application to the confession of a judgment. It would be absurd to say that there must be a demand for a jury trial of a cause of action confessed where there is no issue or the right be forfeited if there should ever be an issue concerning the same cause of action. When an attorney entered the appearance of the defendants, waived service of process and confessed the cause of action alleged in the declaration and the damages alleged, there could be no trial either by jury or by the court without a jury.

245—28

After the judgment was entered there was no suit by the plaintiff against the defendants pending in the court to which the defendants could enter their appearance. The suit was ended, and all the defendants could do was to invoke the aid of the court to set aside the judgment, either upon showing equitable grounds for setting it aside and a meritorious defense, or upon showing that the judgment was void for want of jurisdiction to enter it. The only question to be determined was whether the judgment should be vacated and the defendants should have an opportunity to make a defense, and that was the only proceeding to which they entered their appearance. On the motion to vacate the judgment there was no question which a jury could try, and it would be unreasonable to say that the defendants, when they asked the judge to set aside the judgment, should tender the fees for a jury trial. The court could not submit to a jury the question whether the judgment should be set aside, and the question before the court was whether or not there should be any issue for trial. As the court said in *Borchsenius* v. *Canutson*, 100 Ill. 82, if the judgment should be vacated it was then to be looked upon as if it were not, and the cause of action would be in the same state as any ordinary action by summons, with the defendants at liberty to plead their set-off. When the court set aside the judgment the appearance and confession were annulled and for the first time there was a legal and valid appearance by the defendants to the action, and immediately upon the vacation of the judgment the written demand for a jury was filed and the fees tendered, which was in apt time to preserve the right to a jury trial. The power of attorney purported to give the attorney authority to waive a jury, and it is contended that the waiver stood although the judgment was vacated. As already stated, there was no issue for a jury on the confession, and if there had been, the setting aside of the confession destroyed *in toto* the acts of the attorney.

The judgments of the Appellate Court and municipal court are reversed and the cause is remanded to the municipal court, with directions that the clerk accept the money tendered as fees for a jury trial and that the court award to the defendants their right to a trial by jury.

*Reversed and remanded, with directions.*