## Rocco Lofaro and Frank Rossi, trading as Lofaro & Rossi, Defendants in Error, v. Alessandro Maggi, Plaintiff in Error.

## Gen. No. 18,705.

1. MUNICIPAL COURT OF CHICAGO, § 16*—*what does not constitute waiver of jury trial.* Failure of defendant to file a written demand for a jury trial when he appears to require nonresident plaintiffs to file a bond for costs, *held* not to waive his right to trial by jury.

2. MUNICIPAL COURT OF CHICAGO, § 16*—*when demand for jury trial may be filed.* Defendant sufficiently complies with statute re-

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

quiring the filing of a written demand for jury trial where he files such demand and pays jury fees when he appears for the first time in answer to plaintiff's claim upon the merits.

Error to the Municipal Court of Chicago; the Hon. JOHN R. NEW-COMER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Reversed and remanded. Opinion filed January 22, 1914.

CAIROLI GIGLIOTTI, for plaintiff in error.

CULVER, ANDREWS & KING, for defendants in error.

MR. PRESIDING JUSTICE FITCH delivered the opinion of the court.

The only question raised in this case is whether the defendant (plaintiff in error) was entitled to a jury trial in the Municipal Court. The plaintiffs sued upon a promissory note. Upon the return day of the summons the defendant filed a written appearance, "for the special purpose of having plaintiff, who is a non-resident, give security for costs," and, on motion of the defendant, the plaintiffs were then ordered to file a bond for costs within five days. By the terms of the same order, defendant's time within which to file an affidavit of merits was extended ten days. A bond for costs was filed at once, and four days later the defendant filed another appearance in writing, in which he demanded "that the issue in the above entitled cause be tried by a jury." Within the time limited by the order of the court, defendant filed an affidavit of merits, from which we assume that his defense is that the consideration for the note failed. The record shows that thereafter the cause came on in the regular course for trial before the court without a jury; that the court heard the evidence and entered a finding and judgment in favor of the plaintiff for $92.68. The statement of facts, however, shows that when the case was so called for trial, defendant objected to a trial by the court without a jury and

presented an affidavit in support of his objection, stating, in substance, the facts regarding his first and second appearance, and also stating that at the time of making his written demand for a jury trial, as above stated, he had paid $6 to the clerk for jury fees; that thereupon defendant moved the court to have the case placed upon the jury calendar for trial, but the court overruled the motion, to which the defendant excepted; that following this ruling, "defendant and his counsel left the court room and refused to submit to a trial by the court instead of a trial by jury as demanded;" whereupon the case was tried by the court, in the absence of the defendant.

Section 43 of the Municipal Court Act (J. & A. ¶ 3355) provides that upon the return of any summons duly served upon the defendant, plaintiff shall be entitled to judgment as in case of default, unless the defendant shall either appear in person, or file his appearance in writing, at or before the time fixed in the summons. Section 30 of the same act (J. & A. ¶ 3342) provides that every suit of the fourth class in the Municipal Court "shall be tried by the court without a jury, unless the plaintiff, at the time he commences his suit, or the defendant, at the time he enters his appearance, shall file with the clerk a demand in writing of a trial by jury." The fifth paragraph of section 56 (J. & A. ¶ 3373) provides that if the defendant files with his appearance a demand in writing for a jury trial, he shall pay to the clerk the sum of $6. Section 19 (J. & A. ¶ 3331) provides that until otherwise determined, and except as by that act is otherwise prescribed, the practice in the Municipal Court "shall be the same as near as may be, as that which may from time to time be prescribed by law for similar suits or proceedings in circuit courts, excepting that in cases of the fourth class   *   *   *   the issues shall be determined without other forms of written pleadings than those hereinafter expressly prescribed or provided for." Section 1 of chapter 33 of the Re-

vised Statutes (J. & A. ¶ 2715) provides that in all cases at law or in equity, where the plaintiff is not a resident of this State, he shall, "before ·he institutes such suit," file, or cause to be filed, a written security for costs; and section 3 of the same chapter (J. & A. ¶ 2717) provides that if any such action shall be commenced without filing such a written instrument, "the court, on motion, shall dismiss the same,  *   *   * unless the security for costs shall be filed within such time as shall be allowed by the court."

In *Morrison Hotel Co. v. Kirsner*, 245 Ill. 431, the Court said: "The constitution secures to the citizen the right of trial by jury, and unless he waives that right it is his privilege to have controverted questions of fact decided by a jury and not by a judge sitting as a court.  *  ·  *   * We have held that provisions of the Municipal Court act requiring a party to a suit of this class, at the time of entering his appearance, to file with the clerk a demand in writing for a trial by jury and to pay $6 for jury fees are valid, and that otherwise the cause may be tried by the court. (*Williams v. Gottschalk*, 231 Ill. 175.) In view, however, of the provision of the constitution that the cherished right of trial by jury shall remain inviolate, the statute should be liberally construed in favor of the right and the inclination of the court should be to protect and enforce the right." Upon the principle thus stated, it was there held that the failure of a defendant, against whom a judgment by confession had been entered, to file a written demand for a jury trial with his motion to vacate the judgment does not waive or bar his right to a jury trial if he makes his written demand and tenders the jury fees at the time the motion to vacate is allowed. We think the reasoning of the opinion in that case is applicable to the facts of this case. It was the statutory duty of the non-resident plaintiffs, when they commenced their suit, to file with the clerk a written security for costs. Their failure to do so entitled the defendant to have the suit

dismissed on his motion, unless the court should allow further time to the plaintiffs to file such security. The court recognized this right of the defendant when it entered a rule on the plaintiffs to file a bond for costs within five days. Until that rule was complied with, or the time allowed for compliance expired, it could not be known whether there would be any issue to be tried either by the court or a jury. If no bond for costs had been filed, the making of a written demand for a jury trial and the payment of the jury fees would have been wholly unnecessary and futile. To hold that under such circumstances the failure to make such a demand and payment before any bond for costs was filed amounted to a waiver of the constitutional right of trial by jury would be to adopt a most narrow and technical, instead of a liberal construction of the statute. When defendant appeared for the first time in answer to plaintiff's claim on the merits he filed his written demand for a jury trial. We think this was a sufficient compliance with the statute, and that the court erred in refusing to give him a trial by jury.

The judgment of the Municipal Court will be reversed and remanded.

*Reversed and remanded.*