(No. 36800.—

THE PEOPLE *ex rel.* Alice Flanagan, Appellee, *vs.* JOSEPH J. McDONOUGH, Clerk of the Municipal Court of Chicago, Appellant.

*Opinion filed January 23, 1962.—Rehearing denied March 22, 1962.*

WILLIAM E. GAINER, of Chicago, (JOHN D. CASEY, of counsel,) for appellant.

PRETZEL, STOUFFER, NOLAN & ROONEY, and CROWLEY, SPRECHER, BARRETT & KARABA, both of Chicago, for appellee.

JORDAN JAY HILLMAN and BERNARD WEISBERG, both of Chicago, for the American Civil Liberties Union, *amicus curiae*.

Mr. JUSTICE HOUSE delivered the opinion of the court:

This is a *mandamus* action questioning the constitutionality of an ordinance increasing jury demand fees in the municipal court of Chicago. The respondent appeals from the judgment of the superior court of Cook County holding the ordinance to be unconstitutional.

Upon recommendation of the chief justice and 26 associate judges of the municipal court, the city council of Chicago passed an ordinance, effective May 1, 1961, which provides that a party filing a jury demand must at that time pay the clerk the sum of $50 for a jury of six and the sum of $100 for a jury of twelve, and repealed an earlier ordinance which fixed jury demand fees of $6 and $12, respectively. Relator tendered $12 to the clerk of the municipal court for a jury of twelve. When her tender was refused she filed a petition in the superior court seeking a writ of *mandamus* to order the clerk of the municipal court to accept the $12. That court granted the writ.

This court has held that a reasonable jury demand fee does not violate section 5 of article II of the Illinois constitution which provides that "The right of trial by jury as heretofore enjoyed shall remain inviolate  *  *  *." (*Huber v. Van Schaack-Mutual, Inc.* 368 Ill. 142; *Williams* v. *Gottschalk,* 231 Ill. 175.) In *Morrison Hotel and Restaurant Co.* v. *Kirsner,* 245 Ill. 431, it was pointed out that the right to command the services of a jury is of the same nature as the right to have official services performed by public officers, and the requirement of a reasonable fee to help defray the cost of such services is a traditional and basic concept. The petitioner and *amicus curiae* recognize this principle but argue that the new .fees are unreasonable.

Petitioner has attempted to demonstrate the unreasonableness of the new fees by various calculations based on total annual receipts from jury demand fees and total annual expenditures for jurors. A proper cost analysis of the jury system in the municipal court presents complex problems of cost allocation which petitioner has not taken into account.

This court has, on several occasions, indicated that a jury fee no greater in amount than the statutory compensation of the jurors would be reasonable. (*Williams* v. *Gottschalk,* 231 Ill. 175; *Morrison Hotel and Restaurant Co.* v. *Kirsner,* 245 Ill. 431.) The record shows that approximately 20 veniremen are brought to the courtroom for a jury of twelve and about fifteen for a jury of six; that the average jury trial lasts about 2½ days and that jurors are paid $5 a day. Without taking into account other costs that might be properly allocable, and using only the present inadequate compensation of jurors as a standard, it is apparent that a litigant utilizing the services of a jury will not by the payment of the new fees pay a sum which exceeds the cost of the jurors' compensation.

The petitioner strenuously asserts, however, that the avowed purpose of the increased fees is to discourage the

filing of jury demands in cases where small amounts of money are involved and that since the new fees have had this effect they are unreasonable. The right to demand a jury, no matter how small the amount involved, still exists. While the larger fees may discourage jury demands in some cases where small amounts of money are involved, it does not follow that the increase is unreasonable. It is apparent that even the most nominal jury fee will have the affect of discouraging the filing of some jury demands. On the other hand, jury fees could become so high as to price a trial by jury out of the market. The tendency, as here, to argue to extremes when an important interest is affected, is not uncommon. We are of the opinion nevertheless that the fees in question, which do not exceed in amount the present statutory compensation of the jurors, are not unreasonable. See *Morrison Hotel and Restaurant Co.* v. *Kirsner,* 245 Ill. 431; *Williams* v. *Gottschalk,* 231 Ill. 175.

Other considerations, such as the jury demand fees required in other States and in other courts of this State, the fund from which the juror's compensation is paid, the admonition of section 19 of article II of our constitution concerning the purchase of justice, and other guides that have been suggested by petitioner and *amicus curiae,* do not show the increased fees to be unreasonable. Whether the fees are desirable from a legislative standpoint is not, of course, a matter for this court. *People ex rel. Doty* v. *Connell,* 9 Ill.2d 390.

The judgment of the superior court of Cook County is accordingly reversed.

*Judgment reversed.*