(No. 42739.—

BERNARD ALLEN FRIED *et al.*, Appellants, *vs.* MATTHEW J. DANAHER, Circuit Clerk, *et al.*, Appellees.

*Opinion filed Sept. 29, 1970.—Rehearing denied Dec. 3, 1970.*

APPEAL from the Circuit Court of Cook County; the Hon. DANIEL A. COVELLI, Judge, presiding.

HARRY R. BOOTH and BERNARD ALLEN FRIED, *pro se,* both of Chicago, for appellants.

EDWARD V. HANRAHAN, State's Attorney, of Chicago, (DANIEL P. COMAN, Chief of Civil Division, and JAMES A. ROONEY, Assistant State's Attorney, of counsel,) for appellees.

Mr. JUSTICE CREBS delivered the opinion of the court:

The question presented by this appeal is whether a party who has paid a jury-demand fee is entitled to a refund of the fee when his case is terminated without the services of a jury.

Section 33 of "An Act concerning fees and salaries, and to classify the several counties of this state with reference thereto" (Ill. Rev. Stat. 1969, ch. 53, par. 51) provides in part: "In counties of the third class the clerk of the court shall be entitled to receive, in addition to other fees allowed by law, the sum of $50, as a fee for the services of a jury in every civil action at law not quasi criminal in its nature and not a proceeding for the exercise of the right of eminent domain and in every suit in chancery wherein the right of trial by jury is or may be given by law. The jury fee shall be paid by the party demanding a jury at the time of filing his jury demand. If such fee shall not be paid by either party, no jury shall be called in the action, suit or proceeding, and the same shall be tried by the court without a jury."

Plaintiffs Bernard Allen Fried and Lawrence E. Heintz, administrator of the estate of Jeffrey Heintz, filed this class action in the circuit court of Cook County against Matthew J. Danaher, clerk of the circuit court of Cook County, and Edmund J. Kucharski, treasurer of Cook County. The complaint alleges that Fried was a defendant in an action filed in the circuit court of Cook County, that he paid his $50

jury-demand fee, that the action was later disposed of by agreement of the parties, that a jury was never impaneled to try the issues of the action, that he requested a refund of his $50 jury-demand fee and that his request was refused. Similar allegations are made with respect to Heintz who was a plaintiff in an action terminated without the services of a jury. The complaint then assails the statutory provision requiring the payment of the jury-demand fee as being unconstitutional and asks for an injunction directing the clerk and treasurer to set aside a fund to be used for the refund of jury-demand fees collected since January 1, 1964, to any party who made such payment and whose case was terminated without the services of a jury.

The court found the statutory provision in question to be constitutional, dismissed the amended complaint and denied all other relief requested by the plaintiffs. Appeal is directed to this court pursuant to Supreme Court Rule 302 (a)(2). 43 Ill.2d R. 302(a)(2).

Plaintiffs argue that the language employed in the statute shows a legislative intent that the payment of the jury-demand fee is required only when the services of a jury are actually used by the party paying the fee. They stress the fact that the statute itself provides that the fee is "for the services of a jury". On the other hand, we recognize that the statute is explicit in providing that the "jury fee shall be paid by the party demanding a jury at the time of filing his jury demand," and it makes no provision for a refund of the fee where the action is terminated without the services of a jury. While the interpretation urged by plaintiffs is reasonable, a more reasonable interpretation of the language used is that the legislature intended the jury-demand fee to defray generally the cost of the jury system in counties of the third class and not just the expense of the particular jury services provided to the party paying the fee.

The complaint alleges that it is the established practice

of the circuit clerk in Cook County to retain all jury-demand fees whether or not the party paying the fee ultimately uses the services of a jury. This was also the established practice in the municipal court of Chicago. (See *People ex rel. Flanagan* v. *McDonough*, 24 Ill.2d 178.) The construction placed on an equivocal statute by officials charged with executing it will be given considerable weight where the construction is consistent, long continued and reasonable. (*Scribner* v. *Sachs*, 18 Ill.2d 400; *McNely* v. *Board of Education*, 9 Ill.2d 143.) We hold that the statute in question authorized the clerk of the circuit court of Cook County to retain all jury-demand fees even though the services of a jury were not ultimately used by the party paying the fee.

Plaintiffs' claims of constitutional deprivation are intertwined throughout their briefs to the point that they cannot be stated succinctly. In their reply brief they are put in this manner: "the deprivation of due process and equal protection rights are attributable not to a single separate aspect of [our] pleadings but rather to a combination of facts. * * * Our constitutional claims are founded upon the following overall factors: (1) the coercion by Illinois law (Chap. 110, Sec. 64) compelling the payment of the jury demand fee when a suit is filed or appearance entered by a defendant; (2) the statutory provision that such fee is for the services of a jury (Chap. 53, Sec. 51); (3) the alternative loss of the right of a jury trial; (4) the failure not only to provide reasonable prompt jury trials (Art. II, Sec. 19) but the consistent ten year record of delay of 4-5 years or longer in the trial of jury demand cases; (5) the discrimination against Cook County litigants by the imposition of a jury demand fee applicable only to them under such conditions and (6) the failure to return such jury demand fees in instances where suits are terminated without the services of a jury."

We have held on numerous occasions that compelling

payment of a reasonable jury-demand fee does not violate section 5 of article II of our constitution, which provides that "The right of trial by jury as heretofore enjoyed, shall remain inviolate * * *." (*People ex rel. Flanagan* v. *McDonough,* 24 Ill.2d 178; *Huber* v. *Van Schaack-Mutual, Inc.,* 368 Ill. 142; *Morrison Hotel and Restaurant Co.* v. *Kirsner,* 245 Ill. 431; *Williams* v. *Gottschalk,* 231 Ill. 175.) The principles and reasoning which led this court to conclude that a reasonable jury-demand fee does not violate section 5 of article II of our constitution also compel the conclusion that this fee does not violate section 2 of article II which provides that "No person shall be deprived of life, liberty or property, without due process of law."

In discussing the due-process clause this court has stated: "The constitutional provision is designed to protect and preserve the rights of the citizen against arbitrary legislation as well as against arbitrary executive or judicial action." (*People* v. *Strassheim,* 242 Ill. 359, 366.) In *Williams* v. *Gottschalk,* 231 Ill. 175, the court approvingly quoted the folowing language from *Adams* v. *Corriston* (1862), 7 Minn. 456 in sustaining a jury-demand fee: "* * * 'The constitution does not guarantee to the citizen the right to litigate without expense, but simply protects him from the imposition of such terms as unreasonably and injuriously interfere with his right to a remedy in the law or impede the due administration of justice; and that a party who demands a trial by jury should be required to advance a small jury fee, whether it is considered as a tax on litigation or as a part of the expense which is necessarily incurred in his behalf, seems no more liable to a constitutional objection than is the requirement that the fees of the clerk, sheriff and other officers shall be paid in advance when demanded.' " (231 Ill. at 179.) In short, the statute requiring a $50 jury-demand fee is not arbitrary legislation and does not therefore violate section 2 of article II of our constitution.

Plaintiffs seem to argue a denial of equal protection of the law when they allege that the court expenses incurred by them were the same as those incurred in a nonjury case. "It is well established that equal protection of the law is not violated as long as the selection of objects for inclusion and exclusion within the class, upon which the legislation acts, rests upon a rational basis." (*City of Monmouth* v. *Lorenz,* 30 Ill.2d 60, 66.) The effect of the statute in question is that a part of the cost of the jury system in counties of the third class shall be borne by those litigants who demand the services of a jury. Plaintiffs do not question this classification, but they suggest that after their actions were terminated without the services of a jury they properly belong to the class of nonjury litigants and their jury-demand fee must be refunded.

The short answer to this contention is that the statute operates only upon those litigants who demand a jury. When the jury demand has been made and the fee paid as required by statute, the litigant is entitled to a trial by jury. Whether the party ultimately utilizes the services of a jury does not detract from the subject matter of the fee, namely, the right to the services of a jury.

Throughout their argument plaintiffs have laid great stress on the long delay of jury-demand cases coming to trial in Cook County. The gist of their argument seems to be that the long delay forces some parties who have paid the jury-demand fee to later waive a jury or settle their case and that these parties should be entitled to a refund of their jury-demand fees.

We are aware of the long delay encountered by a litigant choosing to have his case tried by jury in Cook County. The legislature, the courts and the bar are making strenuous efforts to reduce the backlog of cases and shorten the time it takes to get a jury case to trial and these efforts appear promising. Nevertheless, the problem of obtaining a prompt jury trial in Cook County existed when plaintiffs

chose to demand the services of a jury. Furthermore, it is possible to advance a jury case for trial in Cook County upon a showing that undue delay would result in hardship. We feel, therefore, that the long delay encountered by litigants demanding a jury trial adds nothing to the constitutional arguments which have been raised and reviewed.

It is also argued that the statute constitutes a special law discriminating against litigants in Cook County. This same argument was rejected in *Hunt* v. *Rosenbaum Grain Corp.*, 355 Ill. 504. Contrary to plaintiffs' assertions, what was said in *Hunt* is equally applicable today.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*