(No. 49138.—

BARBARA J. SANKO *et al.*, Appellees, v. JAN E. CARLSON, Appellant.

*Opinion filed November 30, 1977.—Rehearing denied January 26, 1978.—Opinion modified April 3, 1978.*

Gene L. Armentrout, State's Attorney, of Geneva (Jay R. Grodner, law clerk, of counsel), for appellant.

Costello & Gates (Boyd L. Gates, of counsel), of Carpentersville; Abbamonto & Szura (Richard J. Szura, of counsel), of Cary; Brady, McQueen, Martin, Callahan & Collins, of Elgin; and Alschuler, Putnam, McWethy, Weiss & Weiler, of Aurora, for appellees.

MR. JUSTICE DOOLEY delivered the opinion of the court:

Plaintiffs, Barbara J. Sanko, Shirley Cook, Boyd L. Gates, John P. Callahan, Maywood-Proviso State Bank, and Dundee Landscape Nursery, Inc., brought suit against defendant, Jan E. Carlson, the clerk of the Kane County circuit court, for a declaratory judgment that section 27.1(m) of "An Act to revise the law in relation to clerks of courts" (the Act), added by Public Act 79—1445, effective September 30, 1976 (Ill. Rev. Stat., 1976 Supp., ch. 25, par. 27.1(m)), was unconstitutional. The trial court entered summary judgment for plaintiffs, defendant appealed, and the appeal was transferred here under Rule 302(a) (58 Ill. 2d R. 302(a)), providing for a direct appeal to this court in cases in which a statute has been held invalid.

Section 27.1 establishes a schedule of fees to be charged by the clerk of the circuit court in counties having a population of 1 million or less. Section 27.1(m) provides that the fee for tax objections shall be $10 for each tax bill objected to. Previous to the enactment of Public Act 79—1445, the fee for tax objections was $5 "[f]or each paper containing one or more Tax Objections, whenever filed." Ill. Rev. Stat. 1975, ch. 53, par. 31(V).

The fees to be charged by the clerk of the circuit court in counties having a population of over 1 million inhabitants are set out in section 27.2 of the Act (Ill. Rev. Stat., 1976 Supp., ch. 25, par. 27.2). That section imposes no fee for filing tax objections.

The question for decision is the constitutionality of the statute imposing fees for filing tax objections in counties with a population of 1 million or less, while there is no fee exacted for this purpose in counties having a population of over 1 million.

The complaint filed on October 12, 1975, alleged that each of the plaintiffs paid real estate or personal property tax bills for the year 1975 on property in Kane County,

whose population is not over 1 million. It does not allege that plaintiffs had already filed objections to the taxes for which they were billed or that they had been prevented from doing so without tendering the fee which would be due under section 27.1.

Plaintiffs' motion for summary judgment was accompanied with an affidavit by plaintiff Sanko alleging that she had paid taxes, under protest, on two parcels of land, and that her financial situation would require her to sell one of them if she were required to pay the $20 fee.

The principal basis for plaintiffs' charge of unconstitutionality is that section 27.1(m) discriminates against taxpayers in counties having a population of 1 million or less and in favor of residents of counties with a population exceeding 1 million. This classification is said to violate article IV, section 13, of the Illinois Constitution, which forbids special or local laws, and the equal protection clauses of the Illinois and Federal constitutions. In essence, plaintiffs' position is that if residents of Cook County need not pay a filing fee, residents of Kane County are entitled to the same treatment.

Plaintiffs contend that the statute in question violates article VII, section 9(a), of the Illinois Constitution, an argument in which we find no merit. It is also urged that the statute contravenes article I, section 12, of the Constitution, which states in part that every person "shall obtain justice by law, freely."

At the outset we consider the claim that section 27.1(m) violates the right to obtain justice freely. This court's decisions upholding the imposition of a fee when trial by jury is demanded are dispositive of this argument. In *People ex rel. Flanagan v. McDonough* (1962), 24 Ill. 2d 178, this court upheld the validity of a jury fee against the charge that it violated article II, section 19, of the Constitution of 1870, the predecessor of the present article I, section 12. *Williams v. Gottschalk* (1907), 231 Ill. 175, and *Morrison Hotel & Restaurant Co. v. Kirsner*

(1910), 245 Ill. 431, held that jury fees did not violate the constitutional right to trial by jury. In *Williams* this court quoted with approval the following statement made by the Supreme Court of Minnesota:

" 'We can see no valid objection to a reasonable fee of this kind. The constitution does not guarantee to the citizen the right to litigate without expense, but simply protects him from the imposition of such terms as unreasonably and injuriously interfere with his right to a remedy in the law or impede the due administration of justice; and that a party who demands a trial by jury should be required to advance a small jury fee, whether it is considered as a tax on litigation or as a part of the expense which is necessarily incurred in his behalf, seems no more liable to a constitutional objection than is the requirement that the fees of the clerk, sheriff and other officers shall be paid in advance when demanded. If the clause in the constitution means that we shall be permitted to litigate literally "without price," there is an end to all fees, from the issuing of summons to the entry of satisfaction of the judgment.' " 231 Ill. 175, 179.

So also legislation requiring payment of a filing fee to support a county law library was found valid. (*Ali v. Danaher* (1970), 47 Ill. 2d 231.) The principle underlying these cases is that the right to obtain justice does not mean that litigation may be conducted free of reasonable fees. That same principle obtains here.

We come then to plaintiffs' contention that section 27.1 is a denial of equal protection and that it is special legislation. The question raised by these two constitutional claims is essentially the same: Is a statutory classification on the basis of population rational? (*Christen v. County of*

*Winnebago* (1966), 34 Ill. 2d 617, 619.) Our inquiry proceeds on the premise that a statutory classification is presumed to be valid, and that plaintiffs have the burden of showing that it is unreasonable. (*Ali v. Danaher* (1970), 47 Ill. 2d 231, 239.) We note at the outset that the classification of counties by population for the purpose of jury fees has withstood challenge. (See *Fried v. Danaher* (1970), 46 Ill. 2d 475; *Hunt v. Rosenbaum Grain Corp.* (1934), 355 Ill. 504.) In *Rosenbaum* the population classification meant that only in Cook County were fees required for a jury trial. On that point the court made the following observations:

"The population of Cook county is approximately four million. The volume of business in its circuit and superior courts is so large that it requires the services of forty-eight judges elected from that county and the assistance of numerous outside judges. \*\*\* We must recognize that court conditions in very populous counties require special consideration and treatment." 355 Ill. 504, 510-11.

So far as this record shows, there may well be a rational connection between the populations of different counties and the size of the fees for filing tax objections. In counties having more than 1 million inhabitants, a fee is paid by each taxing body on each tract of land as to which an application for judgment has been made. (Ill. Rev. Stat., 1976 Supp., ch. 25, par. 27.2(14)(a).) Plaintiffs have not shown that the legislature could not have deemed such a method of financing the cost of tax collections as appropriate for a county where the number of parcels of land and of tax objections may far exceed the corresponding figures for smaller counties.

On the record before us here, we conclude that plaintiffs were not entitled to summary judgment. For

the reasons expressed herein, the judgment of the circuit court is reversed and the cause remanded with directions to dismiss the complaint.

*Reversed and remanded,*
*with directions.*