THE PEOPLE *ex rel.* DIANE LOCKWOOD, Plaintiff-Appellee, v. DARYON McDANIEL, Defendant-Appellant.

Fourth District   No. 4—88—0353

Opinion filed February 23, 1989.

Bruce G. Ratcliffe, of Urbana, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Thomas P. Sweeney, Assistant State's Attorney, of counsel), for appellee.

JUSTICE KNECHT delivered the opinion of the court:

Defendant Daryon McDaniel appeals from a Champaign County circuit court adjudication of paternity. The only issue raised on appeal is whether the circuit court erred in striking defendant's request for a jury trial because he failed to pay a jury fee. The circuit court found defendant was the father of plaintiff's child and later conducted a support hearing. While defendant was unemployed at the time of the support hearing, the court placed obligations on him sufficient to meet the rule in *People ex rel. Driver v. Taylor* (1987), 152 Ill. App. 3d 413, 415, 504 N.E.2d 516, 517, for making the order herein final and appealable.

■ The defendant in this paternity action was found indigent by the trial court and appointed counsel, pursuant to section 5—105 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1987, ch. 110, par. 5—105). This provision provides that a poor person "shall have all the *necessary* processes, appearances and proceedings, as in other civil cases, without fees or charges." (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 110, par. 5—105.) The defendant requested a jury but this request was stricken when he failed to pay the jury fee. Defendant argues he was not required to pay the jury fee since he is an indigent and is guaranteed a right to a trial by jury in a paternity action by statute. (Ill. Rev. Stat. 1987, ch. 40, par. 2513(b).) The central inquiry is whether a jury trial is a "necessary process" within the meaning of section 5—105 of the Illinois Code of Civil Procedure.

■ A paternity proceeding is a civil proceeding, although criminal in form. Its purpose is to determine the identity of the putative father and not to impose a penalty. (*People ex rel. Cizek v. Azzarello* (1980), 81 Ill. App. 3d 1102, 1105, 401 N.E.2d 1177, 1181.) Paternity proceedings are therefore governed by the Code of Civil Procedure, as well as the Illinois Parentage Act of 1984 (Ill. Rev. Stat. 1987, ch. 40, pars. 2501 through 2526).

■ Although allowed by statute, there is no constitutional right to a trial by jury in a civil proceeding to determine paternity. The cause of action was not recognized at common law. The right to trial by jury in section 13 of article I of the Illinois Constitution (Ill. Const. 1970, art. I, §13) refers only to those actions recognized in common law at the time of its adoption. (*Azzarello*, 81 Ill. App. 3d at 1105, 401 N.E.2d at 1181.) Since imprisonment is not a direct result of the action, the United States Constitution does not require a jury trial under the sixth amendment. (U.S. Const., amend. VI) (*Frank v. United States* (1969), 395 U.S. 147, 151, 23 L. Ed. 2d 162, 167, 89 S. Ct. 1503, 1506; *Duncan v. Louisiana* (1968), 391 U.S. 145, 20 L. Ed. 2d 491, 88 S. Ct. 1444.) Furthermore, a jury is not necessary to the function of the court. "A court is fully organized and competent for the transaction of business without the presence of a jury." *Hunt v. Rosenbaum Grain Corp.* (1934), 355 Ill. 504, 511, 189 N.E. 907, 910.

Citing *Greene v. City of Chicago* (1978), 73 Ill. 2d 100, 105, 382 N.E.2d 1205, 1208, defendant argues statutes granting the right to a jury trial should be liberally construed. However, *Greene* refers to the court's discretion to grant a late jury demand. There are no Illinois cases on the issue of an indigent defendant's obligation to bear the costs of a jury he has requested.

There are two cases in other States dealing with this issue:

*Robertson v. Apuzzo* (1976), 170 Conn. 367, 365 A.2d 824, *cert. denied* (1976), 429 U.S. 852, 50 L. Ed. 2d 126, 97 S. Ct. 142, and *People v. Marshall* (1978), 82 Mich. App. 92, 266 N.W.2d 678. In both cases, the courts held that requiring an indigent to pay the jury fee does not result in an unconstitutional denial of due process or equal protection. In *Robertson*, there was also a State statute guaranteeing the right to jury trial in a paternity action. The court decided this statutory right was conditioned upon the payment of a jury fee. There is no denial of due process or equal protection under the United States Constitution and no fundamental interest of the defendant gained or lost depending on the availability of a jury trial. (*Robertson*, 170 Conn. at 376-82, 365 A.2d at 829-32.) The court distinguished *Boddie v. Connecticut* (1971), 401 U.S. 371, 28 L. Ed. 2d 113, 91 S. Ct. 780, which held it was a violation of due process not to waive filing and service of process fees to indigents seeking a divorce. The Supreme Court has subsequently refused to broaden *Boddie. Robertson*, 170 Conn. at 377-78, 365 A.2d at 830.

*Robertson* also held there is no right to a jury trial in paternity cases under the seventh amendment to the United States Constitution because the seventh amendment is not incorporated into the fourteenth amendment.

In *Marshall*, the court held paternity suits in Michigan were civil actions but even if they were criminal actions there would be no right under the sixth amendment of the United States Constitution to a jury trial. This is because imprisonment is not a sanction imposed in paternity proceedings. *Marshall*, 82 Mich. App. at 96, 266 N.W.2d at 681.

■ The defendant also argues section 5—105 of the Code was intended by the legislature to provide equal access to the courts. However, *People v. Nicholls* (1978), 71 Ill. 2d 166, 176, 374 N.E.2d 194, 198, cited by the defendant in support of this argument, states: "The fact that the poor litigant is not absolved from the liability for costs and fees leads us to agree with the State that section 5 was only intended to provide equal access to the courts." In the present case, the defendant did gain access to the courts. As *Nicholls* makes clear, section 5—105 of the Code does not state *no* expenses shall be borne by the indigent defendant.

Illinois courts have held a jury in a paternity proceeding is not constitutionally mandated and a court can function properly without a jury, absent constitutional guarantees which do not apply to paternity proceedings. The other State courts which have addressed this issue have held against the indigent defendants.

We therefore hold the trial judge did not err in striking the indigent defendant's jury request for lack of payment of the jury fee and affirm the finding of paternity.

Affirmed.

McCULLOUGH, P.J., and SPITZ, J., concur.