(No. 42750.—

KAREN ALI, Appellant, *vs.* MATTHEW J. DANAHER, Clerk of the Circuit Court, *et al.,* Appellees.

*Opinion filed December 4, 1970.*

Harry A. Kalcheim, Bernard Hammer, and Manuel E. Cowen, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Daniel P. Coman, Thomas E. Brannigan, and James A. Rooney, Assistant State's Attorneys, of counsel,) for appellees.

Mr. Justice Ward delivered the opinion of the court:

The plaintiff, Karen Ali, individually and as a representative of a class of persons, filed suit in the circuit court of Cook County, challenging the validity of the County Law Library Act which requires the collection of a one dollar fee for the benefit of the local county law library from a plaintiff, of which class of persons she was a member, in all civil cases. (Ill. Rev. Stat. 1969, ch. 81, par. 81.) She also requested a temporary injunction to enjoin the collection of any such fees and the disbursement of monies on hand or subsequently collected under the Act. The motion of the defendants, who are the clerk of the circuit court and the treasurer of Cook County, for judgment on the pleadings

and dismissal of the suit was allowed. Claiming that a constitutional question is involved, the plaintiff has presented her appeal to this court.

On September 16, 1969, the plaintiff presented a complaint for divorce to the clerk of the circuit court of Cook County. She tendered the proper filing fee but declined to pay the one dollar ($1.00) library fee. A deputy clerk insisted on the payment of the library fee before he would file the law suit. After unsuccessfully objecting to the payment of the library fee, she did pay it under protest. She then filed the suit challenging the statute.

The statute the plaintiff attacks provides:

"The county board of any county may establish and maintain a county law library, to be located in any county building at the county seat of government. * * *

"The facilities of such library shall be freely available to all licensed Illinois attorneys, judges, magistrates and other public officers of such county, and to all members of the public, whenever the court house is open.

"The expense of establishing and maintaining such library shall be borne by the county. To defray such expense, in any county having so established such a county law library, the clerks of all trial courts located at the county seat of government shall charge and collect a county law library fee of $1, such fee to be paid at the time of filing the first pleading, paper or other appearance filed by each party in all civil cases, but no additional fee shall be required if more than one party is represented in a single pleading, paper or other appearance.

"Each such clerk shall commence such charges and collections upon receipt of written notice from the chairman of such county board that the board has acted under the provisions of this Act to establish and maintain such a law library.

"Such fees shall be in addition to all other fees and charges of such clerks, and assessable as costs, and shall

be remitted by such clerks monthly to the county treasurer, and retained by him in a special fund designated as the County Law Library Fund. Disbursements from such fund shall be by the county treasurer, on order of a majority of the judges of the circuit court of such county, except that in any county having a population of more than 500,000 inhabitants, the county board shall order disbursements from such fund and such county board may appoint a library committee of not less than 9 members, who, by majority vote, may recommend to such county board as to disbursements of such fund and the operation of such library. Such orders shall be pre-audited and such funds shall be audited by the county auditor, and report thereof rendered to the county board and to the judges.

"Such fees shall not be charged in any criminal or quasi-criminal case, in any matter coming to any such clerk on change of venue, nor in any proceeding to review the decision of any administrative officer, agency or body." Ill. Rev. Stat. 1969, ch. 81, par. 81.

There is some discursiveness in the plaintiff's claims of constitutional violation but the contentions appear basically to be: the library fee is really a tax and is unconstitutional, as the legislature's using the courts to raise revenue is violative of the separation of powers described in article III of the constitution of Illinois; this tax on litigation results in the purchase of justice which violates section 19 of article II of the Illinois constitution which assures every person the right to obtain justice, by law, freely and without being obliged to purchase it; as a tax, the fee requirement also violates section 1 of article IX, of the Illinois constitution because it is not equally or uniformly imposed on the class, *i.e.*, litigants, upon which it operates.

The appellees appear to acknowledge that the library fee is in reality a tax. They say, however, that it represents a common means used throughout the United States to finance county law libraries, 34 States having similar county

law library legislation. In the absence of some explicit constitutional restriction, they contend the legislature may impose a tax upon the filing of suits or judicial proceedings or upon the process issued by the courts of the State. The appellees also argue that the requirement of uniformity of taxation is satisfied because each party to a law suit is obliged to pay his fair share of the anticipated use of the law library.

Considering the first two of the plaintiff's contentions in combination we would observe that the Appellate Court for the First District in *Moseid* v. *McDonough,* 103 Ill. App. 2d 23, considered a predecessor statute which authorized the collection of a fee for a county law library. It appears that a constitutional charge was made in that case, too, that the payment of the library fee required the litigant to "purchase justice" in violation of section 19 of article II of the Illinois constitution. It was unnecessary for the appellate court to consider the question but it did observe: "In view of our conclusion as to point (4) below, we need not resolve this argument. We state in passing, nevertheless, that we believe the position to be untenable in the light of Morrison Hotel & Restaurant Co. v. Kirsner, 245 Ill. 431, 92 NE 285. Cf. Williams v. Gottschalk, 231 Ill. 175, 83 NE 141. In our opinion, Wilson v. McKenna, 52 Ill. 43 is distinguishable." (103 Ill. App. 2d 23, 31, 32.) *Morrison* and *Williams* were decisions which upheld the constitutionality of the imposition of jury fees. We consider them pertinent here. They illustrate that a provision for fees relating to litigation is not offensive *per se* to separation of powers or to the prohibition against requiring the "purchase of justice."

In *Morrison* this court declared: "The constitution secures to the citizen the right of trial by jury, and unless he waives that right it is his privilege to have controverted questions of fact decided by a jury and not by a judge sitting as a court. It is not a right to command the services of a jury without cost but is of the same nature as the right to

have official services performed by public officers, and a requirement for the payment of a reasonable amount for jury fees, such as will necessarily be required in every jury trial, is not a denial or encroachment upon the right. Accordingly we have held that provisions of the Municipal Court act requiring a party to a suit of this class, at the time of entering his appearance, to file with the clerk a demand in writing for a trial by jury and to pay $6 for jury fees are valid, and that otherwise the cause may be tried by the court." 245 Ill. 431, 433.

In *Williams* this court said: "The reasoning of the Supreme Court of Minnesota * * * commends itself to our judgment. It is there expressed in the following language: 'We can see no valid objection to a reasonable fee of this kind. The constitution does not guarantee to the citizen the right to litigate without expense, but simply protects him from the imposition of such terms as unreasonably and injuriously interfere with his right to a remedy in the law or impede the due administration of justice; and that a party who demands a trial by jury should be required to advance a small jury fee, whether it is considered as a tax on litigation or as a part of the expense which is necessarily incurred in his behalf, seems no more liable to a constitutional objection than is the requirement that the fees of the clerk, sheriff and other officers shall be paid in advance when demanded. If the clause in the constitution means that we shall be permitted to litigate literally 'without price,' there is an end to all fees, from the issuing of summons to the entry of satisfaction of the judgment'." 231 Ill. 175, 179.

We do not find persuasive the plaintiff's argument that these cases should be distinguished because charges for services there were voluntarily requested by at least one of the parties and the jury services were actually provided. Recently in *Fried v. Danaher*, 46 Ill.2d 469, we held that section 33 of "An act concerning fees and salaries, and to classify the several counties of this State with reference

thereto" (Ill. Rev. Stat. 1969, ch. 53, par. 51) authorized the clerk of the circuit court of Cook County to retain all jury-demand fees, even though the services of a jury were not ultimately used by the party paying the fee and that such authorization was constitutional. We held constitutional the legislative plan to use jury fees to defray the general expense of the jury system in counties of the third class and rejected the claim that such fees could be used only to defray the expenses of the jury in the case in which a jury was actually used. We do not consider it significant here that all persons paying the library fee might not actually use the library facilities in the particular litigation. Nor do we deem the library fee an unconstitutional imposition because a litigant may not request the use of the facilities. They are available to him and his attorney and anticipating their use is not unreasonable. Too, it is clear that the presence of such facilities is conducive to a proper and even improved administration of justice, which benefits every litigant.

The plaintiff also makes a separate contention that a county law library is a "separate public county institution" and that the tax revenue to support such an institution must come from a general tax and not from a tax imposed on litigants. She cites *County of Cook* v. *Fairbank, 222* Ill. 578, to invalidate the statute here. *Fairbank,* however, is not pertinent. There, this court held that a graduated probate docket charge did not constitutionally qualify either as a fee or a tax. But nowhere in *Fairbank* was it said that the statute was unconstitutional because it called for a tax on litigation nor that such a tax would be constitutionally interdicted.

We hold that the imposition of the library fee does not require an unconstitutional "purchase of justice." This holding follows other decisions in which this court has recognized that litigation may not be without lawful expense, *e.g., Fried* v. *Danaher, 46* Ill.2d 469; *People ex rel. Flanagan* v. *McDonough, 24* Ill.2d 178; *Huber* v. *Van Schaack-*

*Mutual, Inc.,* 368 Ill. 142; *Morrison Hotel & Restaurant Co.* v. *Kirsner,* 245 Ill. 431 and *Williams* v. *Gottschalk,* 231 Ill. 175; see also *Swann & Billups* v. *Kidd,* 79 Ala. 431 and *Marquardt* v. *Fisher,* 135 Ore. 256, 295 P. 499. The holdings illustrate, too, that such legislation is not violative of the constitutional separation of powers.

We cannot accept the plaintiff's argument that *Flood* v. *State* (Fla.), 117 So. 385, would be correct here. There it was held that the imposition of a docket fee on litigants for the purpose of maintaining a county law library required the litigant to "purchase justice" in violation of the constitution of Florida. We consider that the decision reflects an unrealistic and narrow view of the assurance of "free" justice.

We are not persuaded by the plaintiff's argument that the library fee requirement violates section 1 of article IX, of the constitution of Illinois because it is a tax which is not equal or uniform as to the class upon which it operates. It is not uniform, it is contended, because the statute permits those litigants who join in "a single pleading, paper or appearance" to pay a single library fee, whereas if they file a complaint or appearance separately each must pay the $1 fee. We said in *Thorpe* v. *Mahin,* 43 Ill.2d 36, 45-46, citing *Department of Revenue* v. *Warren Petroleum Corp.,* 2 Ill.2d 483, 489-490: " 'It has long been settled that the power of the legislature to make classifications, particularly in the field of taxation, is very broad, and that the fourteenth amendment imposes no 'iron rule' of equal taxation. [Citations.] The reasons justifying the classification, moreover, need not appear on the face of the statute, and the classification must be upheld if any state of facts reasonably can be conceived that would sustain it. [Citations.] The burden therefore rests on one who assails the statute to negate the existence of such facts. [Citations.]' "

The plaintiff suggests no reason why we should declare the classification unreasonable. The defendants in arguing

that the classification was reasonable conjectured that the legislature may have reasonably assumed that when litigants join in a suit or file a joint appearance they are represented by a single lawyer or law firm and, hence, the legislature intended that the contribution from litigation be only in proportion to each side's anticipated use of the library. This perhaps is one of a number of grounds upon which the reasonableness of the classification could be sustained. The plaintiff had the burden of showing the unreasonableness of the classification. See *Thorpe* v. *Mahin,* 43 Ill.2d 36, 48.

As we have not found the statute to be unconstitutional it is not necessary to consider whether there was a proper class action. *Cf. Schilb* v. *Kuebel,* 46 Ill.2d 538.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*