DANNIE LEE *et al.*, Indiv. and on Behalf of All Persons Similarly Situated, Plaintiffs-Appellants, v. AURELIA PUCINSKI, Clerk of the Circuit Court of Cook County, *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 1—93—0472

Opinion filed October 26, 1994.

Lionel I. Brazen, of Chicago (Paul R. Jenen, of counsel), for appellants.

Jack O'Malley, State's Attorney, of Chicago (Karen Covy, Patricia M. Moser, and Dominique Martin, Assistant State's Attorneys, of counsel), for appellees.

JUSTICE CERDA delivered the opinion of the court:

Plaintiffs, Dannie Lee (Lee) and Scott Michael Alexander, P.C. (Alexander), filed a class action against defendants, Aurelia Pucinski, clerk of the circuit court of Cook County (clerk), and Edward Rosewell, treasurer of Cook County (treasurer), seeking (1) a declaration that section 27.2a(k)(5) of the Clerks of Courts Act (Ill. Rev. Stat. 1991, ch. 25, par. 27.2a(k)(5) (now 705 ILCS 105/27.2a(k)(5) (West 1992))) is unconstitutional; and (2) recovery of the fees paid under the statute. Plaintiff Lee also filed a motion for a temporary restraining order to segregate the fees paid and to create a special protest fund. The trial court denied plaintiff's motion, then dismissed the amended complaint on the basis of section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—615 (now 735 ILCS 5/2—615 (West 1992))). On appeal, plaintiffs assert that (1) their amended complaint states a cause of action that section 27.2a(k)(5) is unconsti-

tutional; and (2) the trial court abused its discretion in denying plaintiff Lee's motion for a temporary restraining order and to create a special protest fund. We affirm for the reasons that follow.

The following are the facts as stated in the amended complaint, which are taken as true in a motion to dismiss. Section 27.2a(k)(5) of the Clerks of Courts Act (Ill. Rev. Stat. 1991, ch. 25, par. 27.2a(k)(5) (now 705 ILCS 105/27.2a(k)(5) (West 1992))) provides that the fee to reproduce any document in the clerk's file is $2 for the first page, 50 cents per page for the next 19 pages, and 25 cents per page for the remaining pages. Plaintiffs allege that the statute (1) was enacted without regard to the business operation of the courts or the clerk's office; (2) is a mechanism for raising general revenue; (3) is substantially higher than the marketplace rate of 10 cents for reproductions; and (4) is not for the legitimate purpose of operating, maintaining, and increasing the court's efficiency.

On January 1, 1992, the clerk's office began to collect the increased fees for reproduction of all documents. On February 25, 1992, plaintiff Lee asked a deputy clerk to reproduce two one-page orders from his divorce case so that his attorney could prepare a petition to terminate child support payments because his youngest child had attained the age of majority. After the deputy clerk refused to reproduce the documents without the $4 reproduction fee, Lee paid the $4.

On March 3, 1992, plaintiff Lee filed his complaint, seeking a declaration that section 27.2a(k)(5) is unconstitutional, temporary and permanent injunctions, the establishment of a special protest fund, an accounting, and the certification of a class action suit. On March 25, 1992, Lee filed a motion for a temporary restraining order (TRO) to enjoin the clerk from transferring to the treasurer any reproduction fees collected and to require the clerk to pay the fees into a protest fund. The trial court denied the TRO motion.

On August 25, 1992, plaintiff Alexander tried to obtain a copy of a court document in order to prepare a motion. An agent for plaintiff Alexander asked a deputy clerk to reproduce the document. After the deputy clerk demanded that he pay $2 for photocopying the document, the agent paid the $2 under protest. On October 8, 1992, plaintiff Alexander joined Lee in filing an amended class action complaint.

On November 5, 1992, defendants filed a section 2—615 motion to dismiss the amended complaint. After a hearing, the trial court dismissed the amended complaint with prejudice. The trial court found that the complaint does not present any facts from which there can be a conclusion that the clerk has an express or implied duty to provide reproduction services.

Plaintiffs challenge the constitutionality of section 27.2a(k)(5) of the Clerks of Courts Act on the grounds that it (1) violates article I, section 12, of the Illinois Constitution (Ill. Const. 1970, art. I, § 12) by impermissibly interfering with the free access to justice; and (2) violates the due process clauses of the Federal and Illinois Constitutions (U.S. Const., amend. XIV, § 1; Ill. Const. 1970, art. I, § 2).

■ All legislative enactments carry a strong presumption of constitutionality and all doubts must be resolved in favor of their validity. (*People v. Esposito* (1988), 121 Ill. 2d 491, 497, 521 N.E.2d 873.) The presumption can be overcome only by a clear showing that the statute is arbitrary and unsupportable by any set of facts. (*Mlade v. Finley* (1983), 112 Ill. App. 3d 914, 919, 445 N.E.2d 1240.) A complaint challenging the constitutionality of a statute must allege specific facts that rebut the presumption of constitutionality. *Mlade*, 112 Ill. App. 3d at 921.

■ Plaintiffs assert that section 27.2a(k)(5) violates the Illinois Constitution's free-access-to-justice clause because the legislature breached the clerk's duty to reproduce court documents. The free-access-to-justice clause states:

> "Every person shall find a certain remedy in the laws for all injuries and wrongs which he receives to his person, privacy, property or reputation. He shall obtain justice by law, freely, completely, and promptly." Ill. Const. 1970, art. I, § 12.

■ Plaintiffs argue that the public policy providing free access to the courts and court records is codified in statutes that place a duty on the clerk to provide copies of pleadings and orders to the public. Specifically, plaintiffs cite sections 13, 16, and 27.2a(k)(5) of the Clerks of Courts Act (Ill. Rev. Stat. 1991, ch. 25, pars. 13, 16, 27.2a(k)(5) (now 705 ILCS 105/13, 16, 27.2a(k)(5) (West 1992))); section 13 of the Local Records Act (Ill. Rev. Stat. 1991, ch. 116, par. 43.113 (now 50 ILCS 205/13 (West 1992))); and Supreme Court Rule 104(d) (134 Ill. 2d R. 104(d)). Plaintiffs contend that if the clerk is required to collect a specific sum of money for a specific service, it is implicit that the clerk is under a duty to furnish such service at a reasonable cost.

Section 13 of the Clerks of Courts Act provides in pertinent part:

> "The clerks shall attend the sessions of their respective courts, preserve all the files and papers thereof, make, keep and preserve complete records of all the proceedings and determinations thereof ***." Ill. Rev. Stat. 1991, ch. 25, par. 13 (now 705 ILCS 105/13 (West 1992)).

Section 16(6) of the Clerks of Courts Act states in pertinent part:

> "All records, dockets and books required by law to be kept by such clerks shall be deemed public records, and shall at all times be

open to inspection without fee or reward, and all persons shall have free access for inspection and examination to such records, docket and books, and also to all papers on file in the different clerks' offices and shall have the right to take memoranda and abstracts thereto." Ill. Rev. Stat. 1991, ch. 25, par. 16(6) (now 705 ILCS 105/16(6) (West 1992)).

Section 13 of the Local Records Act (Ill. Rev. Stat. 1991, ch. 116, par. 43.101 *et seq.* (now 50 ILCS 205/1 *et seq.* (West 1992))) states in pertinent part:

"In any case where public records have been reproduced by photography, microphotography or other reproductions on film, in accordance with the provisions of this Act, any person or organization shall be supplied with copies of such photographs, microphotographs, or other reproductions on film upon payment of the required fee to the officer having custody thereof. The fee required to be paid shall be the actual cost of such copies, plus a service charge of 15% of such cost." Ill. Rev. Stat. 1991, ch. 116, par. 43.113 (now 50 ILCS 205/13 (West 1992)).

Supreme Court Rule 104(d) provides that parties who do not receive copies of a lawsuit's required pleadings or other papers "may obtain a copy from the clerk and the court shall order the offending party to reimburse the aggrieved party for the expense." 134 Ill. 2d R. 104(d).

Section 27.2a of the Clerks of Courts Act provides in pertinent part:

"The fees of the clerks of the circuit court in all counties having a population of 3,000,000 or more inhabitants *** shall be as follows:

* * *

(k) Certification, Authentication, and Reproduction.

* * *

(5) For reproduction of any document contained in the clerk's files:

(A) First page, $2.

(B) Next 19 pages, 50 cents per page.

(C) All remaining pages, 25 cents per page." Ill. Rev. Stat. 1991, ch. 25, par. 27.2a(k)(5) (now 705 ILCS 105/ 27.2a(k)(5) (West 1992)).

None of the above statutes places a duty on the clerk to provide reproduction services for court records. Sections 13 and 16 of the Clerks of Courts Act do not even mention reproduction services; section 13 of the Local Records Act refers only to reproduction of documents already reproduced on film; and Supreme Court Rule

104(d) is limited to the situation where a plaintiff has not served required court papers on a defendant. None of these statutes alone or together imposes a general duty on the clerk to reproduce court records. The clerk's duty is to maintain court records and to allow free access to examine and take memoranda of the records.

■ Plaintiffs also assert that the reproduction fees violate the free-access-to-justice clause because they impermissibly raise general revenue and do not relate to the operation and maintenance of the courts. Related to that argument is that section 27.2a(k)(5) violates due process by creating an arbitrary and irrational tax. Plaintiffs maintain that the legislature created a mechanism for raising general revenue through charges assessed to citizens using the courts instead of placing the tax burden on taxpayers in general.

Plaintiffs' argument is based on the presumption that the reproduction fees are equivalent to filing fees. They rely on *Crocker v. Finley* (1984), 99 Ill. 2d 444, 455, 459 N.E.2d 1346, which struck down a special $5 filing fee that was collected from dissolution of marriage petitioners to fund domestic violence shelters and services. The supreme court held that the imposition of the additional fee for use in a general welfare program conflicted with the State constitutional right to obtain justice freely because the filing fee did not relate to either matrimonial litigation or the operation or maintenance of the court system. *Crocker*, 99 Ill. 2d at 454-56.

Plaintiffs also rely on *Ali v. Danaher* (1970), 47 Ill. 2d 231, 237, 265 N.E.2d 103, where the court upheld a $1 special filing fee used to fund the county law library against a free access challenge. The court rejected the argument that the filing fee was unreasonable on the grounds that the person paying the fee may not use the library. (*Ali*, 47 Ill. 2d at 237.) Instead, the court stated "that the presence of such facilities is conducive to a proper and even improved administration of justice, which benefits every litigant." *Ali*, 47 Ill. 2d at 237.

Unlike the fees in *Crocker* and *Ali*, the reproduction fees are not filing fees that are required before a litigant can gain access to the courts. Instead, they are fees charged for a specific administrative service that is given to anyone who requests the benefit, litigants and nonlitigants alike. The reproduction fees do not cause a chilling effect on those who may want to file a lawsuit. Potential plaintiffs will not decide against filing their lawsuit on the basis of possible future copying charges.

■ Even if the reproduction fees were filing fees (which they are not), they might still be valid. There is no constitutional guarantee of the right to litigate without reasonable expenses. (*Crocker*, 99 Ill. 2d at 454.) Instead, the constitution protects a litigant from the

imposition of unreasonable fees that interfere with his right to a remedy in the law or impede the due administration of justice. (*Ali*, 47 Ill. 2d at 236.) The reproduction fees do neither. They satisfy the requirements of free access to justice because they are imposed only for purposes relating to the service provided, not for the purpose of raising general revenue. The fees cover the clerk's expenses for providing the copying service, including paper and ink supplies, the cost of copying machines and their repairs, the salaries of the deputy clerks providing the service, and the office's overhead involved in providing those services.

The amended complaint does not state any facts that could, if proven, establish that this statutory fee generates more revenue than the cost of the services rendered by the clerk's office, or by the circuit court itself. (*Mlade*, 112 Ill. App. 3d at 923.) In fact, there is no allegation of the actual cost of copying by the clerk's office. Instead, plaintiffs compare the fees to costs in the private sector. The clerk's office is not in the business of reproduction. It is providing a service that is tangential to its duty to maintain the court's records.

■ In addition, plaintiffs are unable to allege facts to support their conclusion that obtaining copies of court documents from the clerk is sufficiently related to free access to justice so as to raise a legally viable due process claim. The statute withstands the challenge based on due process principles because (1) it bears a reasonable relationship to the public interest sought to be protected, which is to defray the expense of providing copying services; and (2) the means adopted, to impose a fee on those who request the service, is a reasonable method of accomplishing the statute's objective. *Crocker*, 99 Ill. 2d at 456.

In addition, the availability of alternative means to obtain copies eliminates any possible due process violation. One can avoid paying a fee by using the coin-operated photocopying machines located in the hallways next to the clerk's offices to make copies. An attorney may request a court order permitting withdrawal of a file for copying purposes and copy the documents anywhere he or she chooses. Also, one can make a request of one of the attorneys of record to supply copies of the documents. It would be helpful, however, if copying machines were available inside the clerk's offices so that court documents could be copied without being taken from the clerk's office.

■ Furthermore, we reject plaintiffs' argument that the statute violates due process rights because the legislature was arbitrary and unreasonable in setting the fees without first ascertaining the actual cost of the service. The legislature has a right to pass laws assessing

fees for court services without conducting a study of the State agency's actual cost in rendering a service.

Accordingly, we conclude that there is a reasonable, nonarbitrary relationship between the purpose of the reproduction fees, which is to defray the expense of providing the copying services, and the means adopted, which is imposing a fee on those who request the service.

Because the amended complaint fails to state facts that could, if proven, rebut the statute's presumption of constitutionality, we hold that the reproduction fees set forth in section 27.2a (k)(5) are valid. Thus, the trial court properly dismissed plaintiffs' complaint. Having determined that the reproduction fees are constitutional, we need not consider the temporary restraining order and special protest fund issues.

Based on the reasons given above, we affirm the circuit court's judgment.

Affirmed.

TULLY, P.J., and GREIMAN, J., concur.