# Illinois Official Reports

## Appellate Court

<div style="border:1px solid">

### *Lipe v. O'Connor*, 2014 IL App (3d) 130345

</div>

| | |
|---|---|
| Appellate Court Caption | JAY LIPE, Individually and on Behalf of All Others Similarly Situated, Plaintiff-Appellant, v. EDWARD O'CONNOR, as Treasurer of Peoria County, Illinois, ROBERT SPEARS, as Clerk of Peoria County, Illinois, Capacity as Clerk of Peoria County, Illinois, Defendants-Appellees. |
| District & No. | Third District<br>Docket No. 3-13-0345 |
| Filed | April 10, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The constitutionality of the neutral site custody exchange fee assessed in defendant county on all civil litigants to provide neutral sites for the exchange of children for visitation in domestic relations cases was upheld over plaintiff's contentions that the fee unreasonably interfered with access to the courts and deprived civil litigants of property without due process, since the fee is imposed on all civil litigants, it supports ancillary court services, the neutral sites alleviate the burdens resulting from disruptive visitation exchanges, any surplus was used for other court administrative justice actions, and there was no violation of the free access clause or the due process clause. |
| Decision Under Review | Appeal from the Circuit Court of Peoria County, No. 12-L-195; the Hon. Richard D. McCoy, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Thomas G. Maag (argued) and Peter J. Maag, both of Maag Law Firm, of Wood River, for appellant.

Jerry Brady, State's Attorney, of Peoria (Steven Giebelhausen (argued), Assistant State's Attorney, of counsel), for appellees.

Panel

JUSTICE O'BRIEN delivered the judgment of the court, with opinion.
Presiding Justice Lytton and Justice Carter concurred in the judgment and opinion.

**OPINION**

¶ 1    Plaintiff Jay Lipe, individually and on behalf of all others similarly situated, brought this action against defendants Edward O'Connor, treasurer of Peoria County, and Robert Spears, clerk of Peoria County (collectively Peoria County), challenging the constitutionality of an $8 neutral site custody exchange fee assessed on all civil litigants in Peoria County. The trial court granted Peoria County's motion to dismiss. Lipe appealed. We affirm.

¶ 2                                FACTS

¶ 3    Plaintiff Jay Lipe filed a small claims action in Peoria County in June 2012 and was charged an $8 neutral site custody exchange fee. Lipe objected to the fee and paid it under protest. Also in June 2012, Lipe sought and was granted class certification and filed a class action complaint representing all Peoria County litigants who paid the $8 fee between June 15, 2009 and the date of disposition. In the complaint, Lipe argued the fee unreasonably interfered with access to the courts and deprived him and the other plaintiffs of property without due process.

¶ 4    Peoria County filed a motion to dismiss (735 ILCS 5/2-619 (West 2012)) and submitted the affidavit of John Flynn, the court administrator in Peoria County. In his affidavit, Flynn attested that the neutral site custody exchange fund was part of the court administrator's budget, that funds were disbursed for the neutral site custody exchange, that any remaining funds were disbursed for "other court administrative justice action," such as guardians *ad litem*, and that the chief judge was required to approve all disbursements.

¶ 5    Following a hearing, the trial court granted Peoria County's motion to dismiss. The trial court found that the fee " 'serves to improve overall the administration of justice and was imposed for a court-related purpose,' " quoting *Rose v. Pucinski*, 321 Ill. App. 3d 92, 99 (2001), and that the fee did not violate the due process or free access clauses of the Illinois Constitution of 1970 (Ill. Const. 1970, art. I, §§ 2, 12). Lipe appealed.

¶ 7 The issue on appeal is whether the trial court erred when it granted Peoria County's motion to dismiss, finding the neutral site custody exchange fee to be constitutional. Lipe argues that the neutral site exchange fee is an unconstitutional tax that bears no relation to his litigation and is improperly assessed to provide general revenue. Lipe also argues that the trial court improperly *sua sponte* converted Peoria County's motion to dismiss to a summary judgment motion.

¶ 8 Initially, we reject Lipe's assertion that the trial court *sua sponte* converted the motion to dismiss into a summary judgment motion. The trial court's order disposing of the cause is titled, "Order Granting 2-619 Motion To Dismiss," and expressly states that "the motion to dismiss is granted."

¶ 9 Dismissal is proper under section 2-619 of the Code of Civil Procedure (Code) when "the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9) (West 2012). On review of a section 2-619 motion to dismiss, the questions are whether there are genuine issues of material fact and whether the defendant is entitled to judgment as a matter of law. *Bruss v. Przybylo*, 385 Ill. App. 3d 399, 405 (2008). The reviewing court must accept all well-pleaded facts as true and make all reasonable inferences in the plaintiff's favor. *Bruss*, 385 Ill. App. 3d at 405. This court reviews the trial court's grant of a motion to dismiss *de novo*. *Porter v. Decatur Memorial Hospital*, 227 Ill. 2d 343, 352 (2008).

¶ 10 When examining the constitutionality of a statute, courts will ordinarily apply the rational basis test. *Village of Lake Villa v. Stokovich*, 211 Ill. 2d 106, 122 (2004). Under the rational basis test, a court will uphold a statute if it bears a rational relationship to a legitimate legislative purpose and is not arbitrary or unreasonable. *Stokovich*, 211 Ill. 2d at 122. Courts presume statutes to be constitutional, and the party challenging the statute's constitutional validity bears the burden to clearly demonstrate a constitutional violation. *Napleton v. Village of Hinsdale*, 229 Ill. 2d 296, 306 (2008). A reviewing court has a duty to uphold a statute as constitutional when reasonably possible. *Napleton*, 229 Ill. 2d at 306-07. The constitutionality of a statute is an issue of law we review *de novo*. *Burger v. Lutheran General Hospital*, 198 Ill. 2d 21, 31 (2001).

¶ 11 The free access clause of the Illinois Constitution of 1970 provides that "[e]very person shall find a certain remedy in the laws for all injuries and wrongs," and "shall obtain justice by law, freely, completely, and promptly." Ill. Const. 1970, art. I, § 12. The free access clause serves to protects litigants from the imposition of fees that interfere with their rights to a remedy in the law or impede the administration of justice. *Rose v. Pucinski*, 321 Ill. App. 3d 92, 99 (2001). The free access clause qualifies the due process standard by imposing the additional requirement that court filing fees be related to the operation and maintenance of the court system. *Rose*, 321 Ill. App. 3d at 99. If legislation is found constitutional under the free access clause, it is also constitutional under the broader due process standard. *Rose*, 321 Ill. App. 3d at 99.

¶ 12 The Neutral Site Custody Exchange Funding Act (Act) authorizes counties to assess a neutral site custody exchange fee on all initial filings in civil cases. 55 ILCS 82/15 (West 2012). The Act requires that any fees collected but not disbursed for the neutral site be used for "the administration of justice in the county." 55 ILCS 82/20(c) (West 2012). The legislative findings as expressed in the Act state there are "compelling reasons for providing neutral sites"

to exchange children for visitation and that domestic relations cases often escalate into "major social and legal problems," resulting in "emotional damage to the children involved and creat[ing] an extra burden for the courts." 55 ILCS 82/5 (West 2012).

¶ 13    Lipe relies on *Crocker v. Finley*, 99 Ill. 2d 444 (1984), as authority that the neutral site custody exchange fee is unconstitutional. In *Crocker*, the court found that a $5 fee imposed on divorce litigants to support domestic violence shelters was violative of the free access clause and due process. *Crocker*, 99 Ill. 2d at 457. The *Crocker* court determined that the fee amounted to a tax because it was a means to raise general revenues from a select group of court users and that there was an insufficient connection between the fee imposed and court operations. *Crocker*, 99 Ill. 2d at 455. The court also found the fee was an arbitrary use of police powers and did not comport with due process. *Crocker*, 99 Ill. 2d at 457.

¶ 14    We have considered *Crocker*, but find that *Crocker* is distinguished from the instant case. In *Crocker*, the fee at issue was one facet of a comprehensive statutory scheme designed to combat domestic violence and identified funding sources, such as the fee, for domestic violence shelters. *Crocker*, 99 Ill. 2d at 449. The fee was imposed only on parties applying for a marriage license or seeking a dissolution of their marriage, excluding others who could also benefit from domestic violence services. *Crocker*, 99 Ill. 2d at 450. There was no significant connection between the parties who paid the fee and use of the domestic violence shelters. *Crocker*, 99 Ill. 2d at 450. The fee ultimately went into the state treasury to fund a general welfare program. *Crocker*, 99 Ill. 2d at 451. Significantly, the *Crocker* court determined the fee was in fact a tax. *Crocker*, 99 Ill. 2d at 452. It distinguished the tax from a fee, finding a fee was compensation for services rendered by public officers, while a tax was for general revenue purposes. *Crocker*, 99 Ill. 2d at 452. It determined that the relationship between marital parties and domestic violence was too remote to support validity of the fee. *Crocker*, 99 Ill. 2d at 454. Because the fee imposed did not relate to a marriage license or dissolution petition, the fee was held unconstitutional. *Crocker*, 99 Ill. 2d at 455. In addition, because there was no rational basis to impose the tax only on parties seeking marriage licenses or dissolutions, it was an arbitrary use of the police and taxing power and could not satisfy due process. *Crocker*, 99 Ill. 2d at 457.

¶ 15    Here, the neutral site custody exchange fee is assessed on all civil litigants and supports ancillary court services. The fee is used to compensate for services that allow parents to use neutral sites to exchange custody for visitation. The fee is not imposed on civil litigants who are excluded from the services; rather, the neutral exchange sites are open to all parties who are court-ordered to use them. Unlike the domestic violence shelters in *Crocker*, the neutral exchange sites are related to the court system, as recognized in the legislative findings that provide the neutral exchange sites contribute to the "expeditious implementation" of custody and visitation orders. The neutral site custody exchange service alleviates extra burdens on the court that result from disruptive visitation exchanges. Also unlike *Crocker*, the $8 neutral site custody exchange fee is not deposited into the state's general revenue but is expressly limited to use for the administration for justice in the charging county. The court administrator attested that any surplus in the fund is used for "other court administrative justice actions, such as guardians *ad litem*, and not for general welfare programs." Because there is a sufficient connection between the neutral site custody exchange fee and Peoria County court administration, *Crocker* is not controlling.

¶ 16 The fee charged Lipe and other civil litigants is more like the fees held constitutional in *Ali v. Danaher*, 47 Ill. 2d 231 (1970), *Wenger v. Finley*, 185 Ill. App. 3d 907 (1989), *Zamarron v. Pucinski*, 282 Ill. App. 3d 354 (1996), *Mellon v. Coffelt*, 313 Ill. App. 3d 619 (2000), and *Rose v. Pucinski*, 321 Ill. App. 3d 92 (2001). In *Ali*, a $1 law library fee charged on all civil litigants was determined not to violate the free access clause because the library was open to all litigants, whether they used it or not, and the library was "conducive to a proper and even improved administration of justice, which benefits every litigant." *Ali*, 47 Ill. 2d at 237. Similarly, in *Wenger*, a fee assessed to fund dispute resolution centers was upheld as it related to the operation and maintenance of the court. *Wenger*, 185 Ill. App. 3d at 915. Likewise, a fee to fund court automation was found to benefit the entire court system in *Zamarron*, 282 Ill. App. 3d at 360, and a fee to fund arbitration was found to benefit the overall administration of justice in *Mellon*, 313 Ill. App. 3d at 631, and *Rose*, 321 Ill. App. 3d at 99.

¶ 17 The recent decision in *Smith-Silk v. Prenzler*, 2013 IL App (5th) 120456, addressed the identical issue before this court. The plaintiff there filed an action challenging the neutral site fee charged civil litigants in Madison and St. Clair Counties. *Smith-Silk*, 2013 IL App (5th) 120456, ¶ 9. As argued here, the plaintiff asserted the fee was an improper tax use to fund a general welfare program and was violative of the plaintiff's constitutional rights to free access and due process. *Smith-Silk*, 2013 IL App (5th) 120456, ¶ 9. The court distinguished *Crocker* and held that the neutral site fee was sufficiently connected to the operation of the court system, finding that the neutral site custody exchanges reduced the burden on the courts and promoted judicial economy. *Smith-Silk*, 2013 IL App (5th) 120456, ¶ 20.

¶ 18 Likewise, we find the $8 neutral site custody exchange fee does not violate the free access clause. The legislature determined that neutral custody exchange sites served to improve the administration of the courts from which all litigants, including Lipe, benefit. Because the neutral site custody exchange fee survives constitutional scrutiny, due process is also satisfied. Lipe's due process claim necessarily fails as well as his challenge under the free access clause. The trial court did not err in granting Peoria County's motion to dismiss.

¶ 19 For the foregoing reasons, the judgment of the circuit court of Peoria County is affirmed.

¶ 20 Affirmed.