# Illinois Official Reports

## Appellate Court

---

### *Gatz v. Brown*, 2017 IL App (1st) 160579

---

| | |
|---|---|
| Appellate Court Caption | RANDALL GATZ, Plaintiff-Appellant, v. DOROTHY BROWN, in Her Official Capacity as Clerk of the Circuit Court of Cook County, and MARIA PAPPAS, in Her Official Capacity as Treasurer of Cook County, Defendants-Appellees. |
| District & No. | First District, Fourth Division<br>Docket No. 1-16-0579 |
| Filed | March 16, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 15-CH-7270; the Hon. Rodolfo Garcia, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Siprut PC, of Chicago (Joseph J. Siprut, Todd L. McLawhorn, and John S. Marrese, of counsel), for appellant.<br><br>Anita M. Alvarez, State's Attorney, of Chicago (Donald J. Pechous, Sisavanh Baker, and Margarett Zilligan, Assistant State's Attorneys, of counsel), for appellees. |
| Panel | JUSTICE BURKE delivered the judgment of the court, with opinion.<br>Presiding Justice Ellis and Justice McBride concurred in the judgment and opinion. |

**OPINION**

¶ 1    Plaintiff, Randall Gatz, individually and on behalf of all others similarly situated, brought this putative class action lawsuit against defendants Dorothy Brown, in her capacity as clerk of the circuit court of Cook County, and Maria Pappas, in her capacity as treasurer of Cook County, challenging the constitutionality of the $10 children's waiting room fee (Room Fee) assessed to all civil litigants who file an initial pleading in the circuit court. The trial court granted defendants' motion to dismiss plaintiff's complaint with prejudice pursuant to section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2014)). For the reasons stated below, we affirm.

¶ 2                                            I. BACKGROUND

¶ 3    On January 13, 2013, plaintiff filed a civil case in which he was the sole plaintiff at the Rolling Meadows courthouse. At that time, plaintiff paid a filing fee of $567, which included the $10 Room Fee. On May 4, 2015, plaintiff filed a motion for class certification to file an action on behalf of himself and "All persons who paid the Children's Waiting Room Fee to the Cook County Clerk's Office or Treasurer's Office." That same day, plaintiff filed his class action complaint. In his complaint, plaintiff contended that the Room Fee is actually a litigation tax because it is not related to the service being provided, which is courtroom administration. Plaintiff asserted that the Room Fee therefore violated the free access and due process clauses of the Illinois Constitution because it imposes the burden on funding the children's waiting room on all civil litigants, rather than on those who actually use the waiting room. Plaintiff further contended that the Room Fee violated the uniformity and equal protection clauses of the Illinois Constitution because the fee is over-inclusive. Plaintiff finally contended that defendants had been unjustly enriched by collecting the Room Fee from all civil litigants. Plaintiff requested relief in the form of a declaratory judgment that the Room Fee is invalid, an injunction prohibiting the clerk from assessing the Room Fee, and a return of the Room Fees paid by all civil litigants within the past five years.

¶ 4    In response, defendants filed a motion pursuant to section 2-615 of the Code to dismiss plaintiff's complaint with prejudice contending that the Room Fee does not violate the Illinois Constitution because the children's waiting room improves the overall administration of justice. Following a hearing, the trial court granted defendants' motion to dismiss. The trial court found that the Room Fee did not violate the Illinois Constitution because the children's waiting room is part of the operation and maintenance of the courts. The court noted that although the courthouse where plaintiff filed his 2013 civil case did not have a children's waiting room, plaintiff could request that his case be transferred to a courthouse that did have a waiting room. This appeal follows.

¶ 5                                            II. ANALYSIS

¶ 6    On appeal, plaintiff contends that the circuit court erred in granting defendants' motion to dismiss, finding the Room Fee constitutional. Plaintiff maintains that the Room Fee violates the free access and due process clauses because it functions as a tax that does not relate to the necessary operation and maintenance of the courts. Plaintiff further asserts that the Room Fee violates the uniformity and equal protection clauses because it is over-inclusive given that the vast majority of litigants who pay the fee will never use the children's waiting room or benefit

from the service.

## A. Section 2-615

"A section 2-615 motion to dismiss challenges the legal sufficiency of a complaint based on defects apparent on its face." *Pooh-Bah Enterprises, Inc. v. County of Cook*, 232 Ill. 2d 463, 473 (2009); 735 ILCS 5/2-615 (West 2012). The question presented by a section 2-615 motion is "whether the allegations of the complaint, when taken as true and viewed in a light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief can be granted." *Turner v. Memorial Medical Center*, 233 Ill. 2d 494, 499 (2009). In ruling on a section 2-615 motion, we may consider only those facts apparent from the face of the pleadings, matters of which this court may take judicial notice, and judicial admissions in the record. *Pooh-Bah Enterprises, Inc.*, 232 Ill. 2d at 473 (citing *Mt. Zion State Bank & Trust v. Consolidated Communications, Inc.*, 169 Ill. 2d 110, 115 (1995)). We review *de novo* the circuit court's order granting defendants' section 2-615 motion and dismissing plaintiff's complaint. *Performance Electric, Inc. v. CIB Bank*, 371 Ill. App. 3d 1037, 1039 (2007).

## B. Presumption of Constitutionality

At the outset, we note that we presume that statutes are constitutional. *Arangold Corp. v. Zehnder*, 204 Ill. 2d 142, 146 (2003). "The party challenging a statute carries the burden of rebutting that presumption and 'clearly establishing' its unconstitutionality." *Id.* (quoting *Russell v. Department of National Resources*, 183 Ill. 2d 434, 441 (1998)). A reviewing court should uphold the constitutionality of a statute whenever reasonably possible. *Id.* We review the constitutionality of a statute *de novo*. *Id.*

## C. Facial or As-Applied Challenge

In their brief, defendants contend that plaintiff is presenting a facial challenge to the Room Fee statute. In his reply brief, plaintiff contends that his challenge is "both a facial challenge and an as-applied challenge." Plaintiff acknowledges that he contends that the Room Fee is unconstitutional on its face but, in the alternative, asks this court to find that the statute is unconstitutional with respect to plaintiff and all litigants who filed cases in courthouses that do not have a children's waiting room. Plaintiff's argument, however, does not reflect this alternative as-applied challenge.

"An as-applied challenge requires a showing that the statute violates the constitution as it applies to the facts and circumstances of the challenging party." *People v. Thompson*, 2015 IL 118151, ¶ 36 (citing *People v. Garvin*, 219 Ill. 2d 104, 117 (2006)). Here, plaintiff contends that the Room Fee is unconstitutional because, *inter alia*, it is in actuality a litigation tax because it is not related to the service being provided, courtroom administration. This is substantively a facial challenge, which requires a showing that the "statute is unconstitutional under any set of facts, *i.e.*, the specific facts related to the challenging party are irrelevant." *Id.*; see also *Davis v. Brown*, 221 Ill. 2d 435, 442 (2006). This is reflected in plaintiff's prayer for relief in his complaint where he requested that the treasurer refund *all* Room Fees paid by the class, which consisted of *all* persons who paid the Room Fee in the last five years, not just those who filed in courthouses without a children's waiting room. We, therefore, limit our

constitutional analysis to plaintiff's facial challenge to the Room Fee statute.[1]

¶ 14                                    1. *Facial Challenge*

¶ 15    As defendants point out "[a] facial challenge to the constitutionality of a legislative enactment is the most difficult challenge to mount successfully [citation], because an enactment is facially invalid only if no set of circumstances exists under which it would be valid." *Napleton v. Village of Hinsdale*, 229 Ill. 2d 296, 305-06 (2008); see also *In re M.T.*, 221 Ill. 2d 517, 536 (2006) ("Successfully making a facial challenge to a statute's constitutionality is extremely difficult, requiring a showing that the statute would be invalid under *any* imaginable set of circumstances." (Emphasis in original.)). Since a successful facial challenge will void the statute for all parties in all contexts, "[f]acial invalidation is, manifestly, strong medicine that has been employed by the court sparingly and only as a last resort." (Internal quotation marks omitted.) *Pooh-Bah Enterprises*, 232 Ill. 2d at 473 (quoting *National Endowment for the Arts v. Finley*, 524 U.S. 569, 580 (1998)). "The invalidity of the statute in one particular set of circumstances is insufficient to prove its facial invalidity." *In re M.T.*, 221 Ill. 2d at 536-37.

¶ 16                                D. The Room Fee Statute

¶ 17    The Room Fee statute provides:

> "The expense of establishing and maintaining a children's waiting room for children whose parents or guardians are attending a court hearing as a litigant, witness, or for other court purposes as determined by the court may be borne by the county. To defray that expense in any county having established a children's waiting room or that elects to establish such a system, the county board may require the clerk of the circuit court in the county to charge and collect a children's waiting room fee of not more than $10 through December 31, 2021 and not more than $8 on and after January 1, 2022. The fee shall be paid at the time of filing the first pleading, paper, or other appearance filed by each party in all civil cases. No additional fee shall be required if more than one party is presented in a single pleading, paper, or other appearance. The fee shall be collected in the manner in which all other fees or costs are collected." Pub. Act 99-859, § 5 (eff. Aug. 19, 2016) (amending 705 ILCS 105/27.7).

¶ 18                            E. Plaintiff's Constitutional Challenges
¶ 19                            1. *Free Access and Due Process Clauses*

¶ 20    Plaintiff first contends that the Room Fee violates the free access and due process clauses of the Illinois Constitution because it is a court filing fee that does not relate to the necessary operation and maintenance of the courts. Plaintiff maintains that a minority of litigants use, or even benefit from, the children's waiting room, and that half of the courthouses in Cook County do not even have a children's waiting room. Plaintiff asserts that a children's waiting room is, therefore, unnecessary to the overall operation and maintenance of the court system

---

[1]Nonetheless, for the reasons discussed below, we would find plaintiff's purported as-applied challenge to the Room Fee statute meritless.

and the Room Fee should be charged only to those who use the services provided by the waiting room, rather than to all civil litigants.

¶ 21 The free access clause of the Illinois Constitution provides that "[e]very person shall find a certain remedy in the laws for all injuries and wrongs" and "shall obtain justice by law, freely, completely, and promptly." Ill. Const. 1970, art. I, § 12. The free access clause serves to protect litigants from the imposition of fees that interfere with their rights to a remedy in the law or impede the administration of justice. *Rose v. Pucinski*, 321 Ill. App. 3d 92, 99 (2001). The free access clause qualifies the due process standard by imposing the additional requirement that court filing fees must be related to the operation and maintenance of the court system. *Id.* If legislation is found constitutional under the free access clause, it is also constitutional under the broader due process standard. *Id.*; see also *Lipe v. O'Connor*, 2014 IL App (3d) 130345, ¶ 11.

¶ 22 In contending that the Room Fee violates the free access clause, plaintiff relies on *Crocker v. Finley*, 99 Ill. 2d 444 (1984), and *Boynton v. Kusper*, 112 Ill. 2d 356 (1986). In *Crocker*, the supreme court found that a $5 filing fee imposed on petitioners for dissolution of marriage to fund shelters and services for victims of domestic violence was unconstitutional. *Crocker*, 99 Ill. 2d at 457. The court found that the fee violated the due process and equal protection clauses of the Illinois Constitution because there was no rational relationship between the imposition of the fee and court operations. *Id.* at 455. The court determined that the fee amounted to a litigation tax because it served the purpose of funding general revenue from a select group of court users. *Id.* The court recognized that the domestic violence shelters and programs were available to all adults and their dependents who were the subjects of domestic violence, and there was no relationship between dissolution petitioners and those who could use the programs. *Id.* at 456. The court determined that court filing fees and litigation taxes may be imposed only for purposes "relating to the operation and maintenance of the courts." *Id.* at 454.

¶ 23 In *Boynton*, the supreme court struck down a similar fee imposed upon those who applied for marriage licenses. The statute at issue in that case required county clerks to pay $10 of the fee collected for issuing a marriage license into the Domestic Violence Shelter and Service Fund. *Boynton*, 112 Ill. 2d at 361. The supreme court determined that the charge violated the Illinois Constitution's due process clause because the charge was a tax that bore no relationship to the county clerk's service of issuing and recording licenses. *Id.* at 365. The supreme court noted that "[i]n considering the reasonableness of a classification from a due process point of view, under either the police power or the taxing power of the State, 'it must appear that the particular classification is based upon some real and substantial difference in kind, situation or circumstance in the persons or objects on which the classification rests, and which bears a rational relation to the evil to be remedied and the purpose to be attained by the statute.' " (Emphasis omitted.) *Id.* at 366-67 (quoting *Grasse v. Dealer's Transport Co.*, 412 Ill. 179, 193-94 (1952)). The supreme court held that the relationship between the purchase of a marriage license and domestic violence was too remote to satisfy the rational basis test. *Id.* at 367-68.

¶ 24 Plaintiff contends that like in *Crocker* and *Boynton*, there is no rational relation between charging the Room Fee to all civil litigants who file an initial pleading and the administration of the court system. However, we find plaintiff's reliance on these cases misplaced. In *Crocker*, the fee was imposed only on parties applying for a marriage license or seeking dissolution of their marriage, excluding others who could also benefit from domestic violence

services. *Crocker*, 99 Ill. 2d at 450. The court found that there was no significant connection between the parties who paid the fee and use of the domestic violence shelters and that the fee ultimately went into the state treasury to fund a general welfare program. *Id.* at 450-51. Accordingly, the supreme court determined the fee was in fact a tax and explained that a fee was compensation for services rendered by public officers, while a tax was for general revenue purposes. *Id.* at 452. The court determined that the relationship between marital parties and domestic violence was too remote to support validity of the fee. Similarly, in *Boynton*, the court found that the tax on marriage license applicants was arbitrary because there was only a remote relationship between those who were being taxed and those who were benefitting from that tax. *Boynton*, 112 Ill. 2d at 367-68.

¶ 25        Here, in contrast, the Room Fee is assessed on all civil litigants and supports ancillary court services. The fee is used to compensate the court for services that allow parents and guardians who are visiting the courthouse to use the children's waiting room while they conduct court business. As the supreme court stated in *Crocker*, court filing fees and litigation taxes may be imposed for purposes "relating to the operation and maintenance of the courts." *Crocker*, 99 Ill. 2d at 454. Establishing and maintaining a children's waiting room in the courthouse for use only by those parents or guardians with court business is plainly "relat[ed] to the operation and maintenance of the courts." *Id.* Thus, the concerns that the supreme court voiced in *Boynton* and *Crocker* regarding the remoteness between those being taxed and those benefitting from the tax are not present here.

¶ 26        Rather, in the instant case, the creation and funding of the children's waiting room benefits the overall administration of justice by easing the burden on court personnel and giving children a safe environment within the court house. In presenting Public Act 89-717,[2] the proponent stated that the children's waiting room was a "response to a need that has been observed by all of the people who use those courthouses particularly the judges and attorneys that many people come to court, involved in litigation, who have small children. They bring the children with them, but the children have no place to go and they have no one to look after them and many times they are apparently not only bothersome to court personnel, but certainly that is not the best environment for the children." 89th Ill. Gen. Assem., House Proceedings, Jan. 7, 1997, at 3 (statements of Representative Cowlishaw). Further, Representative Cowlishaw observed that "it seems to me that everyone who uses the court system and everyone who serves in this Body has an obligation to the children of Illinois who through no fault of their own, become involved in something that takes them into a courthouse which for them is a very unfriendly environment. All this is, is a means of making our legal system a friendly place for children." *Id.* at 12.

¶ 27        Despite the intended purpose of the General Assembly to benefit the overall administration of justice by establishing a children's waiting room, plaintiff maintains that a children's waiting room is not necessary to the court system. Plaintiff compares the Room Fee to a parking fee, lunch fee, or transportation fee, contending that charging such fees could arguably help the administration of justice, but are too remote to bear a rational relation to the court system. Plaintiff further asserts that the best "proof of the role of the children's waiting room in the court system *** is that it is not necessary." Plaintiff maintains that not every Cook County

---

[2]Initially, the Room Fee was charged in only two Illinois counties, Du Page and Lake, but was later expanded to all Illinois counties. See Pub. Act 90-117, § 5 (eff. Jan. 1, 1998).

courthouse has a children's waiting room and matters such as parking, food, transportation, and child care are services that should be provided by the private sector, rather than by the courthouse.

¶ 28    Despite plaintiff's protestations, the creation of the children's waiting room benefits the overall administration of justice and is akin to the fees found constitutional in *Ali v. Danaher*, 47 Ill. 2d 231 (1970), *Rose*, 321 Ill. App. 3d 92, *Mellon v. Coffelt*, 313 Ill. App. 3d 619 (2000) (upholding an arbitration fee because it benefits the overall administration of justice), *Zamarron v. Pucinski*, 282 Ill. App. 3d 354 (1996) (upholding a fee to fund court automation because it benefits the entire court system), and *Wenger v. Finley*, 185 Ill. App. 3d 907 (1989) (upholding a fee assessed to fund dispute resolution centers because it was related to the operation and maintenance of the court). For instance, in *Ali*, the supreme court determined that a $1 law library fee did not violate the free access clause because the library was available to all litigants and was "conducive to a proper and even improved administration of justice, which benefits every litigant." *Ali*, 47 Ill. 2d at 237. The court determined this was the case whether the litigant used the law library or not. *Id.* Thus, plaintiff's contention that the Room Fee is not related to the operation and maintenance of the court because not every litigant will use the children's waiting room and not every courthouse has a children's waiting room is unpersuasive. As this court recognized in *Rose*, "[b]oth *Zamarron* and *Crocker* stand for the proposition that, within the parameters of the Illinois Constitution, funds obtained via the civil justice system may be used to pay for expenses incurred by the court system as a whole." *Rose*, 321 Ill. App. 3d at 98. We thus find unpersuasive plaintiff's contentions that the Room Fee violates the Illinois Constitution because funds obtained by the Room Fee are used to pay for court services that are not associated with the children's waiting room. We further note that "[c]ourts have held that all other statutory fees designated for support of the clerk's office or the court system *** to be constitutional." (Internal quotation marks omitted.) *Rose*, 321 Ill. App. 3d at 100. Accordingly, funds obtained via the Room Fee may be used to pay for the court's expenses in maintaining and operating a children's waiting room across the court system as whole.

¶ 29    In addition, the Room Fee is thus unlike a parking fee or lunch fee, as plaintiff suggests, as neither food nor parking are related to the operation and maintenance of the courthouse. The children's waiting room is maintained for the sole use of parents or guardians who are "attending a court hearing as a litigant, witness, or for other court purposes." Thus, the waiting room is intrinsically tied to the operation and maintenance of the courts, unlike plaintiff's proposed parking, lunch, and transportation fees. As the General Assembly recognized, the purpose of the Room Fee is to make "our legal system a friendly place for children." We thus find that the Room Fee satisfies the requirements of the free access clause and the due process clause because the fee serves solely to improve the overall administration of the court system. *Rose*, 321 Ill. App. 3d at 99.

¶ 30                    2. *Uniformity and Equal Protection Clauses*

¶ 31    Plaintiff next contends that the Room Fee violates the uniformity and equal protection clauses because it is nonuniform and overinclusive because the majority of litigants who pay the Room Fee will not use or benefit from the service. Plaintiff maintains that in the vast majority of civil cases, most litigants, witnesses, and others associated with the case will never use the children's waiting room. Plaintiff asserts that this is particularly true when a

corporation is a party to the litigation because corporations will never use the children's waiting room. In support of his contention, plaintiff cites figures from the County Board in 2012 which show that approximately 15,000 children used the children's waiting room, but the fee was paid by nearly 300,000 litigants.

¶ 32 The uniformity clause of the Illinois Constitution provides "[i]n any law classifying the subjects or objects of non-property taxes or fees, the classes shall be reasonable and the subjects and objects within each class shall be taxed uniformly. Exemptions, deductions, credits, refunds and other allowances shall be reasonable." Ill. Const. 1970, art. IX, § 2. The uniformity clause encompasses the equal protection clause and adds even more limitations on government. *Geja's Cafe v. Metropolitan Pier & Exposition Authority*, 153 Ill. 2d 239, 247 (1992) (citing *Searle Pharmaceuticals, Inc. v. Department of Revenue*, 117 Ill. 2d 454, 466-68 (1987)). Thus, "[i]f a tax is constitutional under the uniformity clause, it inherently fulfills the requirements of the equal protection clause." *Id.* Accordingly, we will address plaintiff's contention with regard to the uniformity clause.

¶ 33 "To survive scrutiny under the uniformity clause, a nonproperty tax classification must (1) be based on a real and substantial difference between the people taxed and those not taxed, and (2) bear some reasonable relationship to the object of the legislation or to public policy." *Arangold*, 204 Ill. 2d at 153 (citing *Milwaukee Safeguard Insurance Co. v. Selcke*, 179 Ill. 2d 94, 98 (1997)). A party challenging a nonproperty tax classification has the burden of showing that it is arbitrary or unreasonable, and if the legislative body presents facts that can reasonably sustain the classification, it must be upheld. *Geja's Cafe*, 153 Ill. 2d at 248.

¶ 34 Here, plaintiff contends that although the individuals in his proposed class may use the court system, they may not avail themselves of the children's waiting room because they either do not have children or the particular courthouse in which they have chosen to file their action does not have a children's waiting room. Defendants respond that plaintiff and the proposed members of the class are benefitted because parents or guardians who bring their children to court can leave their children in the waiting room and the children will not cause a distraction in the courtroom or distract court personnel. We find support for defendants' rationale in comments from Representative Cowlishaw who noted when presenting the bill that when parents or guardians bring their children to the courthouse, "the children have no place to go and *** have no one to look after them" and that children are often "bothersome to court personnel." 89th Ill. Gen. Assem., House Proceedings, Jan. 7, 1997, at 3 (statements of Representative Cowlishaw). Plaintiff has not introduced evidence rebutting these facts, but merely contends that many of the children in the waiting room are not "needed in court" but are merely there for the "convenience" of whoever decided to bring their child to court that day. This argument misses the point and fails to rebut defendants' and the General Assembly's justification. See *Geja's Cafe*, 153 Ill. 2d at 248-49.

¶ 35 Moreover, there is a real and substantial difference between those who pay the Room Fee and those who do not. Only civil litigants who file in the circuit court pay the Room Fee. Those who do not use the services of the court system do not pay the fee. As to the second prong of the uniformity clause analysis, as discussed above, there is a reasonable relationship between the tax classification and the object of the legislation, the operation and maintenance of the court system. It is reasonable to charge the Room Fee only to civil litigants who make use of the court system to fund a service that benefits only those who use the court system.

¶ 36    Plaintiff, nonetheless, relies on *Primeco Personal Communications v. Illinois Commerce Comm'n*, 196 Ill. 2d 70 (2001), for the proposition that the Room Fee violates the uniformity clause because it is being charged to many litigants who do not use the children's waiting room. *Primeco*, however, involved a very narrow factual circumstance and the supreme court has since declined to extend the holding in that case. The supreme court has recognized that "*Primeco* involved a factual anomaly that distinguishes it from *** virtually every other of this court's uniformity decisions." *Grand Chapter, Order of the Eastern Star of the State of Illinois v. Topinka*, 2015 IL 117083, ¶ 16. In *Grand Chapter*, the supreme court recognized that "*Primeco* does not stand for the broad proposition that the State may impose a tax or fee only on those who either directly benefit or directly necessitate that tax or fee." *Id.* ¶ 17. Instead, the court noted that "*Primeco* stands for the *very narrow* proposition that, when a 'tax' or 'fee' is operating effectively and exclusively as a rent payment, it may be charged only to those actually enjoying the leasehold." (Emphasis added.) *Id.* Plaintiff's contention that the Room Fee is "a rent payment" is meritless as the Room Fee is not charged in exchange for the use of anything, but, like other court filing fees "defrays" the costs associated with maintaining and operating the court system. See *id.* Despite the narrow holding in *Primeco*, the supreme court has repeatedly held that a fee is not unconstitutional merely because all who pay the fee do not directly benefit. *Id.* (citing *Arangold*, 204 Ill. 2d at 151, and *Empress Casino Joliet Corp. v. Giannoulias*, 231 Ill. 2d 62, 71-72 (2008))

¶ 37    We, therefore, find that defendants and the General Assembly have submitted a legally sufficient justification for imposing the fee on plaintiff and the members of his proposed class, and plaintiff has failed to rebut that justification. The classification is based on a real and substantial difference between those who pay the fee and those who do not, and there is a reasonable relationship between the classification and the objective of the legislation. Where plaintiff fails to persuade the court that the defendants' explanation is insufficient as a matter of law, or unsupported by the facts, the judgment is proper as a matter of law. *Geja's Cafe*, 153 Ill. 2d at 248-49. Accordingly, we find that the trial court properly granted defendants' motion to dismiss where the imposition of the fee does not violate the uniformity clause.[3]

¶ 38                                    III. CONCLUSION

¶ 39    For the reasons stated, we affirm the judgment of the circuit court of Cook County.

¶ 40    Affirmed.

---

[3]In his complaint, plaintiff contended that defendants were unjustly enriched by collecting the Room Fee. Plaintiff did not raise this argument on appeal but in his reply brief recognizes that this claim is premised on his constitutional claims. As we find that his constitutional claims fail, his claim for unjust enrichment must also fail.